### BROWN v. CITY OF NEW YORK.

(Circuit Court, S. D. New York. October 5, 1910.)

1. EMINENT DOMAIN (§ 197*)—PARK—PROCEEDINGS TO ESTABLISH—DISCONTINUANCE.

Proceedings brought by public authorities of New York City to establish a park and take land for that purpose may be discontinued at any time before the confirmation of a commissioner's report, notwithstanding objections by property owners.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 527; Dec. Dig. § 197.*]

2. EMINENT DOMAIN (§ 197*)—DISCONTINUANCE OF CONDEMNATION PROCEEDINGS—ACTION FOR DAMAGES—COMPLAINT.

Plaintiff in a suit against New York City alleged that defendant in 1905 instituted proceedings to open a street through plaintiff's land, in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which assessments were levied for benefits which plaintiff was compelled to pay and did pay, but on the day succeeding that on which such assessments became a lien on the land the board of estimate and apportionment approved the action of the board of local improvement determining that all of plaintiff's land should be taken by defendant for park purposes; that defendant, at the time the assessment became a lien on the land for opening the street, knew that the land would not be used for a street; that plaintiff would never receive any benefit from the opening thereof, and proceedings for the opening of the park were carried for a long period, and on November 5, 1907, after a large amount of testimony had been taken, but before the report of commissioners had been made, the board of estimate and apportionment rescinded the resolution that the land be acquired by defendant for park purposes and discontinued proceedings: that the city had never renewed its proceedings, and never opened the street, and that because thereof plaintiff had been unable to sell her land, or utilize it for any advantageous purpose, and that defendant's act constituted a taking of plaintiff's property and rights without compensation; also that the original action of the board of local improvement in favor of opening the park had not been rescinded, and that new proceedings could be taken thereunder at any time. *Held*, that the complaint was not demurrable for want of facts.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 527; Dec. Dig. § 197.*]

At Law. Action by Mary Helen Brown against the City of New York. On demurrer to complaint. Overruled.

Norman T. M. Melliss (J. Evarts Tracy, of counsel), for plaintiff.

Archibald R. Watson, Corp. Counsel (E. J. Freedman, of counsel), for defendant.

HOLT, District Judge. This is a demurrer to a complaint on the ground that it does not state facts sufficient to constitute a cause of action. The action is at law for damages for injuries alleged to have been caused to the plaintiff's land. The complaint alleges, in substance, that the plaintiff, a resident of New Jersey, owns certain land near Bay Ridge, Brooklyn, in the city of New York; that in 1905 the defendant instituted proceedings to open a street, called Sixty-Eighth street, through the plaintiff's land; that commissioners of estimate and assessment were appointed, who imposed on the remaining land of the plaintiff large assessments for the benefits arising to it from the opening of the street, which the plaintiff was compelled to pay and did pay; that such assessments were confirmed and became a lien upon the land on February 16, 1905; that on February 17, 1905, the next day after the assessments became a lien upon the land, the board of estimate and apportionment of the city of New York formally approved of the action of the board of local improvement for the Bay Ridge district of Brooklyn, which determined that certain land, including all of the land of the plaintiff, should be taken by the defendant for a public park. The complaint alleges that at the time of the confirmation of the report imposing the assessments for benefit, and at the time when said assessments became liens on the land, the defendant well knew that the land which it had been proposed to take for the purpose of opening Sixty-Eighth street as a street would not be used for the purpose of a public street, and that the owner of such

land would never receive any benefit from such opening; that proceedings for opening said public park were begun and carried on for a long period, and on November 15, 1907, after a large amount of testimony had been taken, but before any report of the commissioners was made, the board of estimate and apportionment adopted a resolution rescinding the resolution that such land be acquired by the defendant for such public park, and discontinuing the proceedings; that the city has since published several maps, in which the land originally intended to be taken as a park, including the plaintiff's land, is delineated as a public park, but that in fact the city has never renewed its proceedings for the acquisition of the land as a park, and has never opened Sixty-Eighth street, and that since the board of local improvement determined that said land be taken for a park the plaintiff has been unable to sell her land, or utilize it for any advantageous purpose, and that the said acts of the defendant have substantially deprived the plaintiff of the advantageous use of said land, and constituted a taking of the plaintiff's property and rights without compensation, in violation of the Constitution of the state of New York and of the United States.

I think that, assuming the facts stated in the plaintiff's complaint to be true, as must be done upon demurrer, the plaintiff's claim to recover at least the assessments paid for opening Sixty-Eighth street has sufficient plausibility to entitle the plaintiff to have evidence given and the case tried on that issue, and that therefore this demurrer to the entire complaint should not be sustained. The complaint alleges, in substance, that at the time the assessments for benefit were imposed the city had determined, instead of opening the street, to take the entire land of the plaintiff, with other land, for a public park, and that it therefore knew that there would never be any benefit to the land from the proceedings in which the assessments were imposed. It is also alleged that the plaintiff was compelled to pay these assessments, and did pay them. It appears that on the day after these assessments became due the board of estimate and apportionment authorized and approved the creation of a park which should include the entire land of the plaintiff. This action of the board of estimate and apportionment was based on proceedings previously instituted for that purpose by the board of local improvement of the Bay Ridge district of Brooklyn, so that the city authorities had actual knowledge, at the time that these assessments were made liens upon the land, that the city did not intend to open any street through the property. The imposition of such assessments for benefit from opening the street, and the collection and retention of the money thereunder, when the city authorities had full knowledge that the proceedings to open the street were to be abandoned, amounted substantially, if the facts alleged in the complaint are correct, to what would properly be termed a fraud if the transactions were between individuals.

The plaintiff claims to recover, in addition to the amounts paid upon these assessments for benefit, general damages for injury to her property by reason of the entire proceeding. Upon the facts alleged in the complaint, the plaintiff has suffered grave injury. Her real es-

tate has been substantially tied up and rendered almost useless for years, while the city has carried on these delayed and fruitless proceedings. First a street was to be opened; then that scheme was abandoned, and a park was to be made; and then, after several years of protracted proceedings, the resolution to open the park was rescinded by the board of estimate and apportionment. The complaint alleges, in substance, that the original action of the board of local improvement of the Bay Ridge district, in favor of opening a park, has not been rescinded, and that new proceedings to open the park can be started again at any time. Meanwhile some city maps were issued which continued to designate as a park the land originally proposed to be taken, including the plaintiff's land. The complaint alleges, and it is obvious to any one familiar with the conditions attending street and park openings in New York, that this condition of affairs has made it impossible to sell the property or to improve it for years past. Such cases are common, and are familiar to all persons dealing with New York real estate. It appears to be well settled that the public authorities can discontinue any such proceeding at any time before the confirmation of the commissioners' report, and that the property owners cannot prevent such discontinuance; and it is claimed, and has been sometimes held, that it follows from such authorities that a property owner has no redress for damages caused to him by the action of the city in carrying on long and dilatory proceedings affecting the title to his property and then rescinding and abandoning them. It may be that under the laws of New York the property owner has no redress in such a case; but I think that, in view of the peculiar circumstances of this case, and the fundamental constitutional provisions for the protection of property, which includes not only the abstract legal title, but the right to use and enjoy and dispose of property, the questions raised in this case are too serious to be disposed of on demurrer, and that both parties should be entitled to a trial upon what evidence they may desire to offer.

The demurrer is overruled, with leave to the defendant to answer within 20 days upon payment of costs.