## OWEN et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 25, 1925.)

No. 4597.

1. **Eminent domain** ⟨⇒⟩246(2)—Government may dismiss or abandon petition in condemnation proceedings at any time before taking property.

Government, prosecuting condemnation proceedings, under Act June 17, 1902 (Comp. St. § 4700 et seq.), relating to reclamation of arid lands, may dismiss or abandon its petition at any time before there is a taking of property, which vests right to compensation.

2. **Eminent domain** ⟨⇒⟩246(2)—Defendant's claim for damages in amount in excess of jurisdiction of District Court held not to preclude dismissal of petition.

In proceedings to condemn land, defendants cannot prevent government's dismissal of petition before taking of property on ground that they are entitled to damages arising from location of canal, where amount of such damages sought is in excess of $10,000, and therefore not within jurisdiction of District Court, under Judicial Code, § 24, par. 20 (Comp. St. § 991).

In Error to the District Court of the United States for the Western District of Texas; Charles A. Boynton, Judge.

Eminent domain proceeding by the United States against Will T. Owen and others. To review a judgment dismissing its peti-

tion on the government's own motion, defendants bring error. Judgment affirmed.

C. L. Galloway, of El Paso, Tex. (Paul D. Thomas, of El Paso, Tex., on the brief), for plaintiffs in error.

N. J. Morrisson, Asst. U. S. Atty., of El Paso, Tex. (John D. Hartman, U. S. Atty., H. R. Gamble, Asst. U. S. Atty., both of El Paso, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The United States, proceeding under the Act of June 17, 1902, 32 Stat. 388 (Comp. St. § 4700 et seq.), relating to the construction of irrigation works for the reclamation of arid lands, filed its petition for the condemnation of land upon which an irrigation canal called the "Parker Ditch" is located, and alleged that the land and canal were a necessary part of the Rio Grande irrigation project within the county of El Paso, Tex., but that it had not occupied and would not occupy the land sought to be acquired pending the condemnation proceedings. The owners of the land and canal contested the right to condemn, and objected to the amounts awarded by special commissioners appointed by the court to assess damages. In this way the case was delayed for so long a time that the government completed its irrigation project by the use of property other than that sought to be condemned in this proceeding, and for that reason filed a motion to dismiss its petition. Thereupon the landowners resisted the motion to dismiss, and set up in an answer that the government had built a headgate for its irrigation project a half or three-quarters of a mile up the river from the headgate of the Parker ditch, thereby lessening their water supply, and had run its canal parallel to their canal and appropriated a large right of way through their lands, for which they claimed to be entitled to damages in the sum of $20,000. The trial court granted the government's motion and dismissed its petition. [1, 2] The government had the right to dismiss or abandon its petition at any time before there had been a taking of property and the right of compensation had become vested. Kanakanui v. United States, 244 F. 923, 157 C. C. A. 273; 20 C. J. 1079. The petition shows that it was not the government's intention to take possession of the land sought to be condemned until after judgment; and the answer of the landowners does not aver a taking of the land described in the petition, but of other lands through which the larger

canal of the government runs. What is undertaken by the landowners here is to collect damages by cross-action. But, without its consent, the government cannot be sued, nor can judgment be rendered against it, even though it is indebted on striking a balance of demands. De Groot v. United States, 5 Wall. 419, 431, 18 L. Ed. 700. Such consent is not given by Judicial Code, § 24, par. 20 (Comp. St. § 991), which confers upon District Courts of the United States jurisdiction of claims not exceeding $10,000, because the claim here asserted is for $20,000, and could be asserted, if at all, only in the Court of Claims.

The judgment is affirmed.