STATE OF NORTH CAROLINA v. T. I. HUGHES, A. H. HUGHES AND WIFE, HESTER J. HUGHES, ZENA BATTLE AND HUSBAND, WILL BATTLE, J. C. HALL AND WIFE, GLADYS HALL, N. A. HALL, E. C. GIBSON, GEORGE W. BECK AND G. I. CALHOUN ET AL., RESPONDENTS.

(Filed 15 June, 1932.)

1. **Eminent Domain D b—Park Commission is given express power to abandon condemnation proceedings instituted by it.**

   By the express provisions of chapter 48, section 25 of the act of 1927, the North Carolina Park Commission may abandon condemnation proceedings against an owner by filing a written election to do so before paying the award and by paying the costs, and the act is constitutional and valid, and where the State has so abandoned certain proceedings and has paid the costs and has not exercised any control or dominion over the land the owner has not suffered any pecuniary injury thereby.

2. **Same: Judgments L b—Consent judgment in this case held not to estop Park Commission from abandoning condemnation proceedings.**

   The rights of the North Carolina Park Commission to elect to abandon proceedings to acquire title to lands for park purposes under the provisions of chapter 48, Public Laws of 1927, section 25 is not affected by a consent judgment entered in the proceedings when such judgment was not intended or contemplated as a final adjudication of the rights of the parties and expressly reserves the case for the purpose of determining the question of the title to the lands in question and the person or persons to whom the money should be paid.

CIVIL ACTION, before *Stack, J.,* at March Term, 1932, of SWAIN.

On 15 October, 1930, the North Carolina Park Commission instituted an action in the name of the State of North Carolina against various parties for the purpose of condemning for park purposes as contemplated in chapter 48 of Public Laws of 1927 various tracts of land. Several defendants were served by publication and the cause was returnable on 6 January, 1931. The Halls filed answer setting up claim to the property known as the Ravensford School property. Various other parties also filed answers. On 6 January, 1931, the clerk of the Superior Court of Swain County duly appointed commissioners to appraise the value of the property sought to be condemned. Subsequently the commissioners filed a report appraising values of school property as follows: Indian Creek School, $600; Toe String School, $500; Ravensford School, $6,650; Smokemont School, $2,500; Mingus Creek School, $500. The defendant, Fall, and wife filed exceptions to the report of the commissioners with respect to the valuation of the Ravensford School property as shown in the report of the commissioners. Judgment was entered on 19 March, 1931, by the clerk of the Superior Court of Swain County, ratifying and confirming the report of the commissioners and directing that the petitioner, State of North Carolina, "forthwith pay into the registry of this court the several sums of money for the several tracts and interests in tracts set out in the report of said commissioners," etc. And further, "that upon the payment into court by the petitioner of the amounts of money aforesaid, . . . the title to all and singular the lands, premises and real estate described in the petition and hereinafter more particularly described, shall, *eo instanti*, pass to and vest in the petitioner, the State of North Carolina, in fee simple, for the uses and purposes expressed and declared in said petition and in chapter 48, Public Laws of North Carolina, session of 1927."

No appeal was taken by any of the parties to the foregoing decree of the clerk.

Thereafter at July-August Term, 1931, of the Superior Court of Swain County a consent decree was entered by his Honor, W. F. Harding, judge presiding. This consent decree recites that J. C. Hall and wife, Gladys Hall, claimed title or interest in that portion of said lands known as the Ravensford School property, and that "it further appearing that said award by consent of all parties shall be modified as herein set out, it is now by consent of the petitioner and all other parties interested in said school property, ordered and decreed that said award be amended to read as follows: "We estimate, appraise and assess the compensation and damage for the land described in section 8 of the petition, being certain lands owned or claimed to be owned, by Swain County for school purposes, on the waters of Ocona Lufty River and

Indian Creek, on which school buildings are now situated, and known as the Indian Creek School, Toe String School, Ravensford School, Smokemont School and Mingus Creek School, as follows: Indian Creek School, the sum of $600; Toe String School, the sum of $500; Ravensford School, the sum of $6,650; Smokemont School, the sum of $2,500, and the Mingus School at the sum of $500.

It is further ordered that upon payment of the several amounts above set out to the clerk of this court that the title of said property and each of them shall vest in the State of North Carolina, for the purposes set out in the petition and in accordance with the decree heretofore rendered in this proceeding.

However, it appearing to the court that said J. C. Hall and wife, Gladys Hall, claim to be the owners of that portion of said land described in the petition as Ravensford School property, and have filed an answer in said proceedings, so claiming the same, it is further ordered that this cause be and the same is hereby expressly retained for the purpose of determining the question of title to said Ravensford School property, and the person or persons to whom the money shall be paid by the clerk, as compensation for said land.

This decree shall not otherwise affect the award of said commissioners."

At the March Term, 1932, the petitioner, State of North Carolina, presented to the court for signature an order to be signed by the judge, reciting that the petitioner, State of North Carolina, "does not desire to acquire and wishes to abandon the eighth tract described in the petition herein, which is the same as the Ravensford School tract, No. 74, duly described in special proceedings docket No. 4, at page 74. Upon such avowal by the State of its desire to abandon said proceedings as to said tract as made by its counsel, it is now here considered and adjudged by the court that all prior proceedings in so far as they relate to the Ravensford School tract, as described in paragraph 8 of said petition, . . . be discontinued and dismissed as to the said petitioner under provisions of said statute, it having elected not to acquire the same and abandon the proceedings in respect thereto under the provisions of said chapter 48 aforesaid, which lands are described as follows," etc.

The judge of the Superior Court refused to sign the order tendered by the petitioner on behalf of the State of North Carolina, and thereupon the petitioner excepted and appealed.

*Attorney-General Brummitt and Assistant Attorney-General Seawell and A. Hall Johnston for petitioner, State of North Carolina.*
*Mark Squires, W. G. Hall and Moody & Moody for respondents.*

BROGDEN, J. Can the State by virtue of chapter 48 of Public Laws of 1927 abandon a condemnation proceeding instituted to acquire land in accordance with said statute?

Section 25 of the Park Act provides in part: "The said commission shall at all times have the power and authority to cause the said proceedings to be dismissed as to any landowner or landowners or any particular tract or portion thereof described in the petition without prejudice to its rights as to other lands so described in said petition or the right to condemn the same: *Provided, however,* that no tract of land shall be condemned herein unless all of the known owners shown by the record or those claiming an interest therein shall be made parties thereto.

After the final judgment is rendered if, in the opinion of said commission, the award is so excessive as to make the acquisition of the title to said lands undesirable by the State of North Carolina, then the said commission shall be authorized to designate in writing filed in said proceedings its election not to acquire the title to such lands and not to pay the award therefor and such action on its part shall be without prejudice as to any other lands sought to be condemned therein, and in case the election is so made not to pay the award for any of said lands, then the petitioner shall pay to the defendant its costs incurred in said proceedings on account of the lands so rejected by the commission."

The practical effect of the statute is to authorize the State or Park Commission, the agency of the State, to abandon the condemnation of any particular parcel of land upon filing a written election so to do before the payment of the award and by paying the costs. The result achieved thereby is to leave the landowner in full possession of his land, and when the costs are paid he has suffered no pecuniary injury by reason of the institution of the proceeding. In the case at bar the State had not taken actual possession of the land and had not attempted to exercise any control or dominion thereof. It is not contended that chapter 48, Public Laws of 1927, is unconstitutional. Indeed, the constitutionality of the act has been expressly upheld by this Court in *Yarborough v. Park Commission,* 196 N. C., 284, 145 S. E., 563. Consequently a valid and constitutional act prescribed a method of statutory abandonment.

The defendants rely upon the consent judgment set out in the record. However, an examination of the decree discloses that it was not intended or contemplated as a final adjudication of all the rights of the parties, because it is expressly declared therein: "It is further ordered that this cause be, and the same is hereby expressly retained for the purpose of determining the question of title to said Ravensford School property, and

the person or persons to whom the money shall be paid by the clerk, as compensation for said land."

Manifestly, this consent judgment does not constitute an estoppel against the State. Therefore, the petitioner was entitled to the decree of abandonment, and the refusal of the trial judge to sign the same was error.

Reversed.