## JOHNSON & WIMSATT, Inc., v. REICHELDERFER et al.

### No. 5629.

Court of Appeals of the District of Columbia.

Decided June 26, 1933.

George E. Sullivan, of Washington, D. C., for appellant.

William W. Bride and Vernon E. West, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal from an order of the Supreme Court of the District of Columbia permitting the Commissioners of the District of Columbia to discontinue and abandon a condemnation proceeding instituted by them for the acquisition of certain land as a site for a junior high school.

The proceeding was instituted under sections 483 to 491, inclusive, of chapter 15 of the Code of Law for the District of Columbia, as amended by an Act of Congress, approved March 1, 1929 (45 Stats. 1437 [D. C. Code 1929, T. 25, §§ 41–50]), sections 487, 488, and 490 [D. C. Code 1929, T. 25, §§ 46, 47, 49] being as follows:

Section 487: "The said court shall hear and determine any objections or exceptions that may be filed to any appraisement of the jury and shall have the power to vacate and set any appraisement aside, in whole or in

part, when satisfied that it is unjust or unreasonable, in which event the court shall order the jury commission to draw from the special box the names of as many persons as the court may direct, and from among the persons so drawn the court shall thereupon appoint a new jury of five capable and disinterested persons, who shall proceed as in the case of the first jury: Provided, That if vacated in part the residue of the appraisement as to the land condemned shall not be affected thereby: And provided further, That the objections or exceptions to the appraisement shall be filed within twenty days after the return of the appraisement to the court: And provided further, That the appraisement of the new jury shall be final when confirmed by the court."

Section 488: "If the appraisement of the jury should not be objected to by the parties interested, it shall be confirmed by the court, or, if the appraisement of the new jury is confirmed by the court, the Commissioners of said District shall pay the amount awarded by the jury out of the appropriation made therefor or deposit the same in the same manner as directed in section 65 of this title [491n of said Code of Law], and thereupon the land condemned shall become and be the property of the District."

Section 490: "It shall be optional with the commissioners to abide by the verdict of the jury and occupy the land appraised by them, or, within a reasonable time to be fixed by the court in its order confirming the verdict, to abandon the same, without being liable to damage therefor."

The condemnation proceeding was begun September 6, 1929, by a petition filed in the name of the commissioners of the District of Columbia, praying that all land in two contiguous squares in the city of Washington, known as squares 415 and 439, be condemned for a site for a junior high school, to replace the existing Jefferson Junior High School.

The appellant, Johnson & Wimsatt, Inc., owns all land in square 415 and nearly one-third of the land in square 439, the remainder of square 439 being owned by other persons.

On January 31, 1930, a jury made an appraisement of all property in the two squares, and fixed the value of the property of Johnson & Wimsatt, Inc., at $105,797.90. Johnson & Wimsatt, Inc., being dissatisfied with this valuation, filed certain objections and exceptions to the appraisement; but on April 8, 1930, the court made an order over-ruling the objections and exceptions and finally confirming the appraisement in toto. From that order Johnson & Wimsatt, Inc., appealed to this court, and, upon consideration, the judgment was reversed and the cause remanded to the trial court for further proceedings. See Johnson & Wimsatt, Inc., v. Reichelderfer et al., 60 App. D. C. 186, 50 F.(2d) 336.

On May 25, 1931, the trial court set aside said appraisement, in so far as it affected the property owned by Johnson & Wimsatt, Inc., and impaneled another jury in the cause; which jury, on November 20, 1931, returned their appraisement to the court, fixing the value of the property owned by Johnson & Wimsatt, Inc., at $294,874.88, nearly three times the amount awarded by the first jury. The commissioners of the District of Columbia filed no objections or exceptions to that appraisement. But, instead of filing objections to the appraisement and having the trial court decide whether it was unjust or unreasonable, as they had the right to do (Beyer v. Brownlow, 51 App. D. C. 92, 276 F. 460), the commissioners elected to abandon all proceedings in the cause in so far as the lots owned by Johnson & Wimsatt, Inc., are concerned. And on December 10, 1931, before the twenty days allowed by the statute for objections or exceptions had elapsed and before the appraisement was ready for final confirmation, the court below, upon application of the commissioners, made the order from which the present appeal was taken, directing its clerk to enter the proceedings discontinued and abandoned in so far as the properties owned by Johnson & Wimsatt, Inc., the appellant, are concerned.

The question for determination is whether the commissioners of the District of Columbia, under the circumstances, had the legal right to discontinue and abandon the condemnation proceedings, as to the property of the appellant.

It has been repeatedly held by the federal courts that, in the absence of statutory provisions showing a legislative intent to the contrary, condemnation proceedings may be discontinued or abandoned by the condemning party at any time before there has been a taking of the property and the right of compensation has become vested. Baltimore & S. Railroad Co. v. Nesbit, 10 How. 395, 13 L. Ed. 469; Garrison v. New York, 21 Wall. 196, 22 L. Ed. 612; U. S. v. Cooper, 9 Mackey (20 D. C.) 104, 127, 128; D. of C. v. Cemetery, 5 App. D. C. 497; Ross v. U. S., 8

App. D. C. 32; D. of C. v. Hess, 35 App. D. C. 38; Whitford v. Engel, 42 App. D. C. 452; D. of C. v. Wash. Steel & Ord. Co., 43 App. D. C. 344; U. S. v. Oregon R. & Nav. Co. (C. C.) 16 F. 524; U. S. v. Dickson (C. C.) 127 F. 774; Mason City, & Ft. D. R. R. Co. v. Boynton (C. C. A.) 158 F. 599; Brown v. City of New York (C. C.) 183 F. 888; Kanakanui v. U. S. (C. C. A.) 244 F. 923; Owen v. U. S. (C. C. A.) 8 F.(2d) 992.

"Until the assessments of damages have been made, the amount cannot be known; and on the whole, it is reasonable that after having ascertained the expense of the project, the corporation should have a discretion to go on with it or not, as it sees fit." 3 Dillon on Municipal Corporations (5th Ed.) § 1044, p. 1651.

In O'Neill v. Board of Chosen Freeholders of Hudson County, 41 N. J. Law, 161, it was said: "Whenever land is sought to be taken for a public purpose, the public authorities, in the absence of any statutory provision to the contrary, have a reasonable time given them, after the ascertainment of the expense of the scheme, to decide whether to accept or refuse the land at the price fixed. * * * The rule * * * is a necessity in view of the rational conduct of public affairs: the question whether a projected improvement is wise or unwise, expedient or inexpedient, cannot be answered by any one who is ignorant of the expense that it involves, and therefore to require public agents, in handling these matters, to disregard this plain dictate of common sense, would be altogether absurd. A man of prudence relinquishes a project when he finds the cost is likely to exceed, in a large measure, its benefit; it would seem intolerably unreasonable to require the agent of the public to pursue the opposite course."

It is conceded here by the appellant that the only objection to this appraisement is the amount thereof, and that the commissioners, fearing to question the amount as unjust or unreasonable by the usual practice of objection and exception in the trial court, announced an abandonment of the project, so far as this property is concerned.

But the learned counsel is of opinion that this abandonment will shortly be abandoned, and the proceedings revived before another jury, within a practice—or theoretical possibility of practice—condemned in D. of C. v. Cemetery Company, 5 App. D. C. 497, upon which decision he largely rests his case.

But it is not to be assumed that the commissioners of the District of Columbia abandoned the condemnation proceedings in bad faith. "It must be remembered that they [the Commissioners], too, occupy a position of important public trust, as well as presumed impartiality. They are commissioned to stand between the public interests and welfare, on the one hand, and private indifference thereto and individual selfishness, upon the other." MacFarland v. Railroad Co., 18 App. D. C. 456.

And it does not appear that the commissioners have abandoned the idea of building the school; it may be that they can acquire a cheaper site, but that is a question for the commissioners, not for us, and is not open here. This court has no right to substitute its judgment for that of the municipal authorities.

We do not agree with the suggestion of appellant's counsel that the condemnation proceedings could only be abandoned in toto. We think such proceedings may also be abandoned in parte. And the courts have so held. In re Board of Education of Detroit, 242 Mich. 658, 219 N. W. 614; In re Mt. Vernon Ave., 127 App. Div. 650, 111 N. Y. S. 895, affirmed in 193 N. Y. 658, 87 N. E. 1123; State v. Hughes, 202 N. C. 763, 164 S. E. 575; District of Columbia v. Wash. Steel & Ord. Co., 43 App. D. C. 344.

In view of the authorities referred to and the provisions of the statute, we are of opinion that the commissioners of the District of Columbia had the right to discontinue and abandon the condemnation proceedings as to the appellant's property as and when they did, and the order appealed from is accordingly affirmed.

Affirmed.