## FOX v. JOHNSON & WIMSATT et al.
## No. 1277.

District Court of the United States for the District of Columbia.

Jan. 24, 1940.

Hogan & Hartson, of Washington, D. C. (Howard Boyd, of Washington, D. C., of counsel), for plaintiff.

William E. Leahy, of Washington, D. C., for defendant Dorothy Wimsatt Hughes.

George. E. Sullivan, of Washington, D. C., for defendants Johnson & Wimsatt, Inc., William Kurtz Wimsatt, Herman M. Grimes, and Genevieve B. Wimsatt.

LUHRING, Associate Justice.

This is a motion to strike the affidavit of the plaintiff, E. Margery Fox, filed herein on the 9th day of December, 1939, in support of her counter motion for summary judgment.

The plaintiff, as she alleges in her amended complaint, is the owner of part of the preferred stock of the defendant corporation, as well as, until January, 1939, the beneficial owner of a part of the common stock therein, she being now the legal owner thereof.

The defendant corporation was organized under the laws of the State of Delaware February 24th, 1923, with a total authorized capital of $3,000,000, divided into 20,000 shares of preferred stock and 10,000 shares of common stock with a par value of $100 each. 7,500 shares of the preferred stock were issued to the late William A. Wimsatt. All of the preferred stock now outstanding is part of this original issue and is held by the plaintiff and other children of Mr. Wimsatt. The balance of the preferred stock authorized has never been issued.

The law of Delaware under which the defendant corporation was organized provides in part (Chap. 65, § 27 [section 2059]) that a corporation may redeem all or any part of its preferred shares, if subject to redemption, at such time or times, at such price or prices, and otherwise as shall be stated or expressed in its certificate of incorporation. Pursuant to the authority thus granted, the certificate of incorporation of the defendant, in Article 4, Paragraph 3, provides: "Said prefer-

red stock shall be subject to redemption at One Hundred Dollars ($100.00) per share at any time after five years from the date of the issue thereof, at such time and place and in such manner as the Board of Directors shall determine."

The amended complaint discloses and it is admitted by the answer that on September 6, 1929, proceedings were instituted by the District of Columbia for the purpose of acquiring by condemnation certain real estate owned by the defendant in Squares 415 and 439 in the District of Columbia. Subsequently, on the 8th day of November, 1930, and during the pendency of the condemnation proceeding, the board of directors of the defendant corporation unanimously adopted the following resolution: "Resolved that when payment has been received by the Company for Squares 415 and 439, being the property condemned by the District Government, an amount of preferred stock be paid off equal to the net proceeds received from this property."

It is alleged and not denied that at the time the resolution was adopted, the plaintiff and all the other holders of the then outstanding preferred stock were members of the board of directors of the defendant corporation.

The condemnation proceeding was discontinued and abandoned by the District of Columbia December 10th, 1931, and their right to so discontinue and abandon was upheld by the Court of Appeals in Johnson & Wimsatt, Inc. v. Reicheldefer, 62 App. D.C. 237, 66 F.2d 217. So it appears that the corporate defendant received no "payment" for "Squares 415 and 439" in the condemnation proceeding.

The amended complaint further alleges and the answer does not deny that on August 23, 1938, approximately seven years after the condemnation proceeding was discontinued and abandoned, the defendant corporation sold the property to the District of Columbia for $192,000.

On August 31, 1938, the plaintiff tendered her preferred stock to the defendant corporation and demanded redemption of her prorata share thereof on the theory that the resolution of the board of directors November 8, 1930, was an exercise of the option to redeem the preferred stock and, therefore, a contract between the defendant and the holders of its preferred stock, which the latter are entitled to have specifically enforced.

The answer of the defendant recites various other resolutions adopted by the board of directors and also makes reference to the annual report of the treasurer which was presented to the board of directors April 30, 1938.

In this state of the record, the defendant corporation, on November 21, 1939, filed its motion for summary judgment, supported by the affidavit of G. P. Lohr, its secretary and custodian of the corporate books and records, wherein copies of the minutes of the meetings of the board of directors are set out.

It is the contention of the defendant corporation that the resolution of November 8, 1930, was but a declaration of policy to be pursued and not the exercise of an option to redeem the preferred stock.

The plaintiff, on December 9, 1939, filed a counter motion for summary judgment supported by the affidavit sought to be stricken.

Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides for summary judgment both in favor of the claimant and the defending party, and outlines the procedure to be followed.

Paragraph (e) of the rule deals with affidavits and definitely provides that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

The plaintiff, by her affidavit, undertakes to construe the resolution of November 8, 1930, by alleging circumstances surrounding its adoption. She states that she and her brother and sisters, as members of the board of directors, assumed the management of the business after the father's death and, due to their lack of knowledge of the business and their inexperience, costly mistakes were made and certain substantial losses incurred. That because of these losses there was frequent discussion of a corporate policy intended to save to all concerned the value of their inheritance. That it was finally decided to sell or otherwise realize on real estate not actively used or needed in the business and distribute the proceeds from such sale or sales to redeem preferred stock so that such assets would be removed from the hazards of the lumber busi-

66

ness and the dangers of loss through improper and inexperienced management. That all were in agreement that Squares numbered 415 and 439 could and should be sold and the proceeds distributed in partial liquidation to the stockholders in redemption of preferred stock.

It is alleged that the resolution of November 8, 1930, was at the time intended by all of the directors as a step in an orderly process of liquidation and an exercise of the right to redeem preferred stock contained in the charter, and was intended also to make final disposition of the proceeds of the sale of Squares 415 and 439.

That subsequent to the passage of the November 8, 1930, resolution and on December 13, 1930, the plaintiff was appointed a member of an executive committee which caused an independent audit of the accounts of the business to be made, and that, as a result of the auditor's report, the committee recommended a policy of liquidation to be put in effect and expressed the conclusion that it was the intent of said William A. Wimsatt, as evidenced by his will, that an orderly liquidation of the business be followed rather than any endeavor to expand it. That this report was adopted by the board of directors.

The affidavit further alleges that on March 1, 1931, in partial compliance with the said resolution of November 8, 1930, the defendant corporation borrowed $37,500 and with the proceeds redeemed its preferred stock on a prorata basis and later borrowed the sum of $64,500, secured by deed of trust on Squares numbered 415 and 439, with a portion of which it paid off and refunded the previous loan of $37,500. That the resolutions of November 18, 1935, and April 25, 1936 (see affidavit of G. P. Lohr in support of defendants' motion for summary judgment), redeeming preferred stock, were not intended to have and did not have any connection whatever with the resolution of November 8, 1930. That the resolution of November 8, 1930, was never rescinded or revoked, and that the resolution of July 30, 1938, was adopted over her protest.

■■ A corporation must act by and through is agents, directors or trustees because it can act in no other way. Its intention can only be learned by the language of its recorded acts. The resolution of November 8, 1930, is couched in plain and unambiguous language and therefore must be treated as the exclusive medium of ascertaining the purpose for which it was adopted as the act of the corporation. Therefore, parol testimony is inadmissible to alter, vary or contradict its terms.

■ The affidavit of plaintiff is offered for the purpose of showing that, at the time the resolution was adopted, the board of directors intended it as an exercise of the option to redeem the preferred stock and, therefore, a binding contract of the corporation to redeem. This affidavit would alter and vary the terms of the original resolution by making it resolve that whenever Squares 415 and 439 are sold and payment received therefor, "an amount of preferred stock be paid off equal to the net proceeds received from this property." This can not be done by parol evidence.

The affidavit does not meet the requirements of Rule 56(e) because it does not "set forth such facts as would be admissible in evidence." In such case a motion to strike is the proper remedy.

The motion to strike the affidavit of the plaintiff is sustained.