138

UNITED STATES v. 10.08 ACRES OF LAND, MORE OR LESS, IN JACKSON AND WEST MANCHESTER TOWNSHIPS, et al.

No. 666.

District Court, Middle District of Pennsylvania.

July 21, 1942.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for the United States.

John A. Hoober, of York, Pa., in pro. per. for respondent.

JOHNSON, District Judge.

Under the Rivers and Harbors Act and in accordance with a request from the War Department, proceedings were instituted on behalf of the United States of America to acquire the fee simple title to two tracts of land designated as Tracts Nos. 1 and 2·of Parcel RA-50 for use in connection with the Indian Rock Dam and Reservoir Project, York County, Pennsylvania. Petition in Condemnation was filed on May 13, 1941, and an order of court granting immediate possession was entered the same day. Viewers were appointed by this Court and thereafter they held hearings in connection with the damages occasioned by the taking; but before the report of the viewers had been filed, the Secretary of War, by letter of October 24, 1941, requested that the proceedings be so amended as to modify the interest to be acquired in Tract No. 1, containing 3.45 acres of Parcel RA-50, from a fee title to a perpetual easement for flowage purposes. A motion has been filed on behalf of the United States of America for leave to amend the petition in condemnation in accordance with this request. A copy of this motion was served on the owners and their attorney and an answer has been filed by them resisting the Government's motion and denying the right to so amend the petition.

The Rivers and Harbors Act of April 24, 1888, 33 U.S.C.A. § 591, was involved in United States v. Meyer, 7 Cir. 1940, 113 F.2d 387, certiorari denied 1940, 311 U.S. 706, 61 S.Ct. 174, 85 L.Ed. 459. It

is there said that the power granted under that Act is unlimited, and discretion is clearly vested in the Secretary of War to take a flowage easement or a fee simple. Pages 391, 392 of 113 F.2d. The court likewise held on abundant authority that neither 33 U.S.C.A. § 594, nor the Fifth Amendment require a deposit of funds prior to granting an order for immediate possession. Page 393 of 113 F.2d. Among the authorities cited in support of the last statement above referred to in the Meyer case are Commercial Station Post Office, Inc. v. United States, 8 Cir., 1931, 48 F.2d 183, and Cherokee Nation v. Southern Kansas Railway Co., 1890, 135 U.S. 641, 10 S.Ct. 965, 34 L.Ed. 295.

■ It is clear that the Government has authority to abandon or discontinue the proceedings in toto, in the absence of express statutory provisions to the contrary, at least at the present stage of the instant proceedings. II Lewis, Eminent Domain, 3d Ed. 1909, § 954; Kanakanui v. United States, 9 Cir., 1917, 244 F. 923, 924.

In Johnson & Wimsatt v. Reichelderfer, 1933, 62 App.D.C. 237, 66 F.2d 217, the authorities holding that the entire proceeding may be abandoned in the absence of statute are reviewed (page 218 of 66 F.2d), and the court concluded (p. 219 of 66 F. 2d):

"We do not agree with the suggestion of appellant's counsel that the condemnation proceeding could only be abandoned in toto. We think such proceedings may also be abandoned in parte. And the courts have so held." (Citing authorities.)

■ It would seem clear that the amendment here requested by the Government would amount to nothing more than a partial abandonment. And if, in the discretion of the court, the allowance of the partial abandonment by amending the petition, would serve the ends of justice in saving all parties from the expense and delay of an entire abandonment and a re-institution of the proceedings, the court certainly has the power to grant the Government's motion. This in effect was done without question in United States v. Chicago, B. & Q., R. Co., 7 Cir., 1937, 90 F. 2d 161, where, as appears in the statement of facts the proceedings were instituted on September 19, 1931, to condemn 2.9 acres of land, and on August 9, 1932, the Government amended its original petition by reducing the amount of land sought to be condemned to 1.6 acres. Page 163 of 90 F.2d. This was one of the few matters in that case which was not contested on the appeal.

It is therefore hereby ordered and decreed that the proceedings in condemnation heretofore filed to the above number and term be and the same are hereby amended, modifying the interest to be acquired in Tract No. 1, as described in the petition for condemnation filed in these proceedings, containing 3.45 acres of Parcel RA-50 from the fee title to:

"The perpetual easement and right to overflow said land permanently or intermittently as may be necessary as a result of the construction, maintenance, and operation of the Indian Rock Dam across the West Branch of Codorus Creek, together with the right to go upon said land from time to time as occasion may require and remove therefrom natural or artificial structures or obstructions which, in the opinion of the representative of the United States in charge, may be detrimental to the operation and maintenance of said dam and reservoir, excepting and reserving to the owner all such rights and privileges, including the cultivation of crops, as may be enjoyed without interfering with or abridging the rights and easements to be acquired by the United States, and subject to all existing easements and rights-of-way in public roads, railroads, or public utilities as now located in, on or across parts of said lands."