UNITED STATES of America, Plaintiff,

v.

6,667 ACRES OF LAND IN COUNTY OF JASPER, SOUTH CAROLINA, Lafayette McLaws, [sic] et al., and Unknown Owners, Defendants.

Civ. A. No. 3490.

United States District Court
E. D. South Carolina,
Charleston Division.

June 12, 1956.

N. Welch Morrissette, Jr., U. S. Atty., Columbia, S. C., Yancey A. McLeod, Sp. Asst. to U. S. Atty., Columbia, S. C., Thomas H. Gignilliat, Savannah, Ga., Counsel, Savannah District Authority, Sp. Atty. for City of Savannah, local assurer to United States, for plaintiff.

Henry H. Edens, Columbia, S. C., Randolph Murdaugh, Clyde A. Eltzroth, Hampton, S. C., McLaws & Brannan, Savannah, Ga., C. T. Graydon, Columbia, S. C., deRosset Myers, Charleston, S. C., for defendants.

WILLIAMS, District Judge.

The land involved in this action consists of three tracts designated on a plat attached to the complaint as Exhibit A 100 E, known as the McLaws tract, A 101 E, known as the Pinckney tract; and A 102 E, known as the Missroon tract.

The matter was referred to a commission as provided by Rule 71A(h) of the Federal Rules of Civil Procedure, 28 U.S. C.A., to determine just compensation. The commission found that the just compensation for the three tracts amounted to $18,000, $90,000, and $4,200 respectively.

Before the report of the commission was filed, the Government made a motion to release and relieve the owners of this property from the Order for Delivery of Possession which was filed on December 22, 1952.

On April 12, 1956, this Motion to Amend the Motion to Dismiss was filed which is before me now. By this Motion, the plaintiff moves the Court that:

"*First:* The plaintiff has heretofore moved the court that the defendants, and all persons in possession or control of the property described in the complaint, be released and relieved from further compliance with the Order for the Delivery of Possession entered in these proceedings, on the ground that the United States had made administrative determination that it did not require the interest in the lands as sought to be condemned;

"*Second:* The proper administrative officers have, since the filing of said Motion to Dismiss, made a redetermination of the spoilage requirements of the United States in the Savannah Harbor pursuant to which the plaintiff now shows that:

"(a) The United States requires the interest initially sought to be condemned in all the lands of the defendants McLaws and Missroon;

"(b) The United States requires the interest initially sought to be

condemned in two portions only (i. e., in the eastern and western portions) of the lands of the defendant Pinckney. * * *"

Prior to the adoption in 1951 by the Supreme Court of the Rule 71A, the right of the Government to dismiss prior to its acceptance of the "offer" in condemnation proceedings such as we have here, was absolute.

■ The applicable law in this case is clearly set forth in the case of United States v. One Parcel of Land, etc., D.C., 131 F.Supp. 443, 445, as follows:

"The Government maintains this case is not a condemnation under a declaration of taking procedure, so that it was free to abandon the proceeding at any time. Where no declaration of taking has been filed, no judgment entered and no payment or deposit made of an award of just compensation, title has not vested in the United States, and it is free to abandon the taking or reduce the estate at any time, even if it has taken possession, and be liable only for actual use and occupancy with restoration damage. Danforth v. United States, 1939, 308 U.S. 271, 60 S.Ct. 231, 84 L.Ed. 240; Moody v. Wickard, 1943, 78 U.S.App.D.C. 80, 136 F.2d 801, certiorari denied 320 U.S. 775, 64 S.Ct. 89, 88 L.Ed. 465; Johnson & Wimsatt v. Reichelderfer, 1933, 62 App.D.C. 237, 66 F.2d 217; O'Connor v. United States, 9 Cir., 1946, 155 F.2d 425; Barnidge v. United States, 8 Cir., 1939, 101 F.2d 295; Kanakanui v. United States, 9 Cir., 1917, 244 F. 923; United States v. 4.105 Acres of Land in Pleasanton, D.C.Cal.1946, 68 F.Supp. 279. In this type of proceeding, the Government has opportunity of determining the price of a property so that it may decide whether it exceeds the expected benefit or is more than it is prepared to pay, and the owner may have an opportunity to test the validity of the taking. The Government can then decide whether to accept or refuse at the price fixed."

In this case, the possessive use has been made of parts of the property, although neither title nor lesser interest has been taken. It is, therefore, clear that the facts before me are to be governed by Rule 71A(i) (3) which is as follows:

"At any time before compensation for a piece of property has been determined and paid and after motion and hearing, the court may dismiss the action as to that property, except that it shall not dismiss the action as to any part of the property of which the plaintiff has taken possession or in which the plaintiff has taken title or a lesser interest, but shall award just compensation for the possession, title or lesser interest so taken. The court at any time may drop a defendant unnecessarily or improperly joined."

The Advisory Committee on Rules made this comment as to the intent and purpose of the rule:

"Both the right of the plaintiff to dismiss by filing a notice of dismissal and the right of the court to permit a dismissal are circumscribed to the extent that where the plaintiff has acquired the title or a lesser interest or possession, viz., any property interest for which just compensation should be paid, the action may not be dismissed, without the defendant's consent, and the property owner remitted to another court, such as the Court of Claims, to recover just compensation for the property right taken. Circuity of action is thus prevented without increasing the liability of the plaintiff to pay just compensation". Note to Subdivision (i), 28 U.S.C.A., Rule 71A, Rules of Civil Procedure.

■ It is quite clear from the language of the Rule and from the discussion of the Rule by the Committee which formulated it, that the intent, purpose and effect of the Rule are not to modify

in any way the distinction which inherently exists between a condemnation by the Government under a Declaration of Taking and a condemnation under a Complaint with Order of Possession. Under the former, title passes immediately to the Government. Under the latter, no title passes until the amount of the actual award is paid into court. The Government, unless its possession of the land under the Order of Possession has amounted to a taking of the landowner's property, may still reject the offer which it has, in effect, forced from the landowner.

The Government may not dismiss from this suit any part of the land of which it has taken possession until the landowners have had the opportunity to present to the court their claims for compensation for the possessive use of the land which it has used under the Order of Possession.

I have carefully considered the Motion to Amend the Motion to Dismiss. It clearly appears:

(1) That the plaintiff does not require the interest originally sought to be condemned in 1,616 acres, more or less, of the lands claimed by the defendant E. B. Pinckney (as shown on the plat Exhibit A attached to said Motion, and as described in Exhibit B attached to said Motion); and (2) it further appears that the plaintiff is entitled to dismiss the 1,616 acres of land from condemnation in this suit, upon the payment to the landowner by the plaintiff of just compensation for any use made of said land, or damage thereto incurred, pursuant to the Order for Delivery of Possession filed in this proceeding under date of December 22, 1952. It is, therefore,

Ordered and adjudged that:

(1) The defendant E. B. Pinckney and all other persons claiming or having control of the property described in the exhibits attached to the amended Motion to Dismiss filed herein are hereby released and relieved from further compliance with the Order for Delivery of Possession entered in these proceedings under date of December 22, 1952; provided, however, that this Order shall in no wise affect the right of said defendant, or defendants, to have and receive the award of just compensation by this court for any use made by the plaintiff of any part of said lands sought to be dismissed and for any damage done thereto, or to any part thereof, by the plaintiff.

(2) The cause is hereby remanded to the Commission heretofore appointed with instructions as follows:

(a) To determine, on the basis of evidence already heard by it and of such further evidence as may be necessary, the compensation to be paid the landowner for the value of the interest to be condemned in the tracts of land designated on the said plat, Exhibit A, as Tract A 101 E–1 and Tract A 101 E–2, as of December 22, 1952; and

(b) To determine and report to this court the just compensation, if any, which the landowner is entitled to receive for any use made of the 1,616 acres sought to be dismissed, and for damages thereto, if any, incurred pursuant to the Order for Delivery of Possession thereof filed in these proceedings on December 22, 1952; and

(c) To hear and report their findings to this court on the law and the facts relative to such other claim for compensation as may be made by the landowner of the 1,616-acre tract sought to be dismissed from these proceedings.

Let a copy hereof be served upon the said defendant E. B. Pinckney, and all other parties to this cause asserting any right, title or interest in the 1,616 acres sought to be dismissed from the suit.

And it is so ordered.