NORTH CAROLINA STATE HIGHWAY COMMISSION v. YORK INDUS-
  TRIAL CENTER, INC.; KELLOGG SWITCHBOARD & SUPPLY COM-
  PANY; CHARLES H. YOUNG AND A. L. PURRINGTON, JR.; TRUSTEES,
  AND RALEIGH SAVINGS & LOAN ASSOCIATION.

(Filed 16 December, 1964.)

**Eminent Domain §§ 7a, 10—**

   Under the 1959 Amendment to G.S. 136, Art. 9, upon the filing of com-
   plaint by the Highway Commission and a declaration of a taking and the
   deposit with the court by the Commission of its estimate of fair compen-
   sation, the Commission acquires title, and may not thereafter take a vol-
   untary nonsuit. Nor may the Commission assert the right to take a nonsuit
   on the ground that, contrary to the averment in its complaint and its dec-
   laration of a taking, it had not taken any property from the condemnee.
   G.S. 1-209.2, Article I, § 17, of the Constitution of North Carolina.

APPEAL by defendant, York Industrial Center, Inc., from *Martin,*
*S. J.,* July 27, 1964 Civil Session of WAKE.

Plaintiff, on May 16, 1961, filed with the Clerk of the Superior Court
of Wake County its complaint seeking a determination of the amount
it should pay for property rights taken from defendants. Contempo-
raneously with the filing of the complaint, it filed a "notice of taking"
and deposited with the court its estimate of fair compensation for
the property taken.

On May 19, 1961, York Industrial Center, Inc. (York) filed its an-
swer. It asserted ownership of the rights taken, and joined with plain-
tiff in asking for the appointment of commissioners to determine that
question.

On July 31, 1964, the court, on motion of plaintiff and over York's
objection, entered a judgment of nonsuit. York excepted and appealed.

*Manning, Fulton & Skinner and Jack P. Gulley for defendant ap-
pellant.*

*Attorney General Bruton, Assistant Attorney General Lewis, Trial Attorney Rosser, Young, Moore & Henderson, and J. Allen Adams for plaintiff appellee.*

RODMAN, J.  The only question for decision is the right of plaintiff to have the action dismissed. In support of that right, it points to G.S. 1-209.2, which says: "The petitioner in all condemnation proceedings authorized by G.S. 40-2 or by any other statute is authorized and allowed to take a voluntary nonsuit."

The statute on which plaintiff relies was enacted in 1957. Needless to say, it should not be interpreted in such manner as to render it unconstitutional, if a reasonable constitutional interpretation can be given.

The right of a petitioner in a condemnation proceeding to submit to a voluntary nonsuit, at any time prior to the vesting of title in condemnor, had been judicially recognized prior to the enactment of c. 400, S.L. 1957, now G.S. 1-209.1 and 209.2. *Light Co. v.. Manufacturing Co.*, 209 N.C. 560, 184 S.E. 48; *State v. Hughes*, 202 N.C. 763, 164 S.E. 575.

Prior to 1959, the Highway Commission was, when necessary to acquire title by condemnation, directed to act under the provisions of c. 40, entitled "Eminent Domain," G.S. 136-19 (1944 edition).

In proceedings instituted pursuant to the provisions of c. 40, "[t]he title of the landowner is not divested unless and until the condemnor obtains *a final judgment* in his favor *and* pays to the landowner *the amount of the damages fixed by such final judgment." Topping v. Board of Education*, 249 N.C. 291 (299), 106 S.E. 2d 502.

The Legislature, by c. 1025, S.L. 1959, amended by c. 1084, S.L. 1961, now codified as Art. 9 of c. 136 of the General Statutes (Vol. 3B), rewrote the law regulating the procedure which the Highway Commission should use in condemning property subsequent to July 1, 1960. Compare the second paragraph of G.S. 136-19 as these sections appear in Vol. 3 (1944 edition) and in Vol. 3B (1964 edition). Formerly the property owner's title was divested by decree in a special proceeding, G.S. 40-11; and then only when fair compensation had been ascertained and paid as directed by decree confirming the award. *Topping v. Board of Education, supra.*

Since July 1, 1960, title is divested by a civil action, G.S. 136-103. "Upon the filing of the complaint and the declaration of taking and deposit in court, to the use of the person entitled thereto, of the amount of the estimated compensation stated in the declaration, title to said land or such other interest therein specified in the complaint and the declaration of taking, together with the right to immediate possession

hereof shall vest in the State Highway Commission and the judge shall enter such orders in the cause as may be required to place the Highway Commission in possession, and said land shall be deemed to be condemned and taken for the use of the Highway Commission and the right to just compensation therefor shall vest in the person owning said property or any compensable interest therein at the time of the filing of the complaint and the declaration of taking and deposit of the money in court, and compensation shall be determined and awarded in said action and established by judgment therein." G.S. 136-104.

Now the right to compensation rests in the person who owned the land immediately prior to the filing of the complaint and declaration of taking. He has nothing he can sell pending ascertainment of fair compensation. Formerly, since his title was not divested until compensation was paid, he could sell, G.S. 40-26. The person who owned when the award was confirmed was the person to be compensated. *Liverman v. R. R.*, 109 N.C. 52, 13 S.E. 734. The Highway Commission, when it files its complaint, must file a memorandum of its action with the register of deeds where the land lies, G.S. 136-104. This has the same effect as a conveyance of the property.

To permit the Highway Commission to decide, subsequent to a taking (here three years after the taking), that it did not want the property it had taken, and for that reason refuse to pay, would do violence to the provisions of Art. 1, sec. 17, of our Constitution. We hold G.S. 1-209.2 does not permit condemnor to avoid payment of compensation by taking a nonsuit after title to the property has vested in condemnor.

Appellee, in its brief, asserts it had the right to submit to a nonsuit because it had not in fact taken any property from York; it had merely, in the exercise of the police power, prescribed the manner in which defendants might have access to a controlled access highway. *Snow v. Highway Commission*, 262 N.C. 169, 136 S.E. 2d 678; *Moses v. Highway Commission*, 261 N.C. 316, 134 S.E. 2d 664.

The answer lies in the language of the complaint and the declaration of taking. These expressly assert a taking. We can not hold as a matter of law that this assertion is erroneous, because the description of what was purportedly taken demonstrates nothing was in fact taken.

York is only entitled to fair compensation for such of his property, if any, as the Commission has taken, G.S. 136-109. Neither the Commission's, nor the owner's, estimate of the value is conclusive.

Reversed.