DURHAM v. RIGSBEE.

(Filed April 17, 1906).

*Eminent Domain—Condemnation Proceedings—Inability to Agree with Owner—Sufficiency of Petition—Discretion of Municipal Authorities—Legislature—Award of Damages—Exceptions—Jury Trial.*

1. In condemnation proceedings, the statement required by Rev., sec. 2580, that the plaintiff has not been able to acquire title to the land, and the reason of such inability, is the allegation of a preliminary jurisdictional fact, not triable by the jury, a question of fact for the decision of the clerk in the first instance, and perhaps subject to review by the judge on appeal.

2. It is not essential that the particular language of the statute should be used. If the facts alleged plainly show that the petitioner has been unable to acquire title and the reason why, that is a compliance with the statute.

3. The advisability of widening a street is a matter committed by law to the sound discretion of the aldermen, with the exercise of which, neither these defendants nor the courts can interfere. It is a political and administrative measure of which the defendants are not even entitled to notice or to be heard.

4. The method of taking land for a public use is within the exclusive control of the Legislature limited by organic law, and the courts cannot help the injured land owner, where the statute has been strictly followed, until the question of compensation is reached.

5. In a proceeding for condemnation of a street, where it appears upon the coming in of the report of the commissioners, the petitioner excepted because the compensation was excessive, and the defendant excepted solely because it was inadequate, and upon the hearing of the exceptions the clerk reduced the compensation, and the defendant excepted to the order, appealed to the Superior Court and demanded a jury trial, and the jury rendered its verdict, the defendant's contention that the clerk had no power to fix the compensation and that when he set aside the appraisement, he should have appointed other commissioners, is without merit.

ACTION by City of Durham against R. H. Rigsbee and others, heard by *Judge G. S. Ferguson* and a jury, at the January Term, 1906, of the Superior Court of DURHAM.

This was a proceeding under sections 1943 *et seq.* of The Code, now sections 2580-2588 of the Revisal, for the purpose of condemning land to widen a street.

The defendants demurred to the petition. The demurrer was sustained by the clerk and an amended petition filed. The defendants demurred to the petition as amended. The demurrer was overruled and the clerk required the defendants to answer. Upon the filing of the answer, the clerk appointed three disinterested freeholders as commissioners to appraise the land described in the petition and plat attached. Upon the coming in of the report, the defendants excepted thereto upon the ground that the valuation placed upon the property condemned was inadequate. The petitioner also excepted upon the ground that the appraisement was excessive. Upon the hearing the clerk reduced the sum at which the commissioners had appraised the property from $2,500 to $1,750. Whereupon the defendants entered of record the following exception: "In open court the defendants excepted to the foregoing order and decree and every part thereof and appealed to the Superior Court in term and demand a jury trial upon the hearing of the appeal."

Upon the trial in the Superior Court, *Judge Ferguson* affirmed the order of the clerk overruling the demurrer of the defendants. Whereupon the defendants tendered certain issues which the court declined to submit, and thereupon submitted to the jury the following issue: "What damages have the defendants sustained by reason of taking the land condemned in these proceedings for the purpose of widening Church street? Ans. $2,000." From the judgment rendered, the defendants appealed.

*Manning & Foushee* and *R. B. Boone* for the plaintiff.
*Fuller & Fuller* and *Pou & Fuller* for the defendants.
141—9

BROWN, J., after stating the facts: 1. We agree with the clerk and His Honor that the demurrer to the amended petition should be overruled, and further, that the answer sets up no valid defense to a condemnation of the land by the petitioner for the purpose of widening Church street. It seems to be conceded, although not so stated in the record, that the method of procedure for condemning land prescribed for railroad companies by the Revisal is the method authorized by the petitioner's charter for condemning land for municipal purposes. That being so, a necessary allegation of the petition is that the plaintiff has not been able to acquire title to the land and the reason of such inability. *Hill v. Mining Co.,* 113 N. C., 259; *Allen v. Railroad,* 102 N. C., 381. It is not essential that the particular language of the statute should be used. If the facts alleged plainly show that the petitioner has been unable to acquire title and the reason why, that is a compliance with the statute. While this is a necessary allegation of this petition, it is not an *issuable* fact for the jury to determine. The judge was right in refusing to submit it to the jury. The statute requires such a statement so that the court may see whether the condemner has made a reasonable effort to acquire title without resorting to the expense of condemnation proceedings and bringing a citizen into court. This statement is the allegation of a preliminary jurisdictional fact, not triable by the jury, a question of fact for the decision of the clerk in the first instance, and perhaps subject to review by the judge on appeal. *Ledbetter v. Pinner,* 120 N. C., 455; *Railroad v. Parker,* 105 N. C., 246; Code, section 1945, Revisal, section 2584. The purpose of this requirement in the statute is thus stated in *Hill v. Mining Co., supra:* "The statute requires the railroad company when it becomes the actor in such a proceeding, as it may, to state that fact as its justification for summoning to court a citizen whose land it wishes to take by condemnation." The allegation is not required when the land owner is petitioner.

DURHAM v. RIGSBEE.

We think the amended petition states facts which plainly indicate not only that the petitioner's officers made every reasonable effort to agree with the defendants, but that an agreement was rendered impossible owing to the extravagant value of $30,000 which the petition alleges was placed upon the property by the defendants, as well as by their conduct in declining to meet the committee of aldermen and in sending a threatening message "to look out or they would get themselves put in jail."

These alleged facts are tantamount to a specific allegation in the words of the statute, and plainly show an effort upon the part of the petitioner's officers to come to an agreement and the reason of their inability to do so. If the amended petition was deficient in this respect, it is greatly aided by the admissions of the answer, for that shows clearly that the petitioner made initial efforts to negotiate and that the defendants declined to do so. The answer gives the real reason why all negotiations proved abortive, viz.: "That said R. H. Rigsbee is not willing that Church street should be widened or that this property should be condemned, because he does not believe that it is necessary or to be desired for the public interest that it should be, but that these defendants are willing to sell said property to said petitioner for an adequate price."

It is apparent from a perusal of the answer that the defendants would entertain no proposition except a sale to the city of the entire property, which the city doubtless had no use for. The advisability of widening Church street is a matter committed by law to the sound discretion of the aldermen, with the exercise of which neither these defendants nor the courts can interfere. It is a political and administrative measure of which the defendants are not even entitled to notice or to be heard. 2 Lewis, Eminent Dom., section 66; *State v. Jones,* 139 N. C., 616.

The method of taking the land for the public use is within

the exclusive control of the Legislature, limited by organic law. The exercise of this power being a political and not a judicial act, the courts cannot help the injured land owner, in a case like this, where the statute has been strictly followed, until the question of compensation is reached. *People v. Railway Co.,* 160 N. Y., 225; *Zimmerman v. Canfield,* 42 Ohio St., 463; *People v. Smith,* 21 N. Y., 595.

We therefore think there are no issues to be determined except that of compensation, and that His Honor properly declined to submit any others.

2. Upon the coming in of the report of the commissioners, both the petitioner and the defendants filed exceptions thereto—the plaintiff, because the compensation was excessive; the defendants, because it was inadequate. Upon the hearing of the exceptions the clerk modified the report, reduced the compensation to $1,750 and adjudged the same to be a fair valuation of the property and authorized the plaintiff to enter upon and take possession of the land described in the petition to be used for street purposes on the payment by it of the $1,750. The defendants excepted to the order, appealed to the Superior Court and demanded a jury trial.

It is contended by the defendants that the clerk had no power to fix the compensation himself, and that when he set aside the appraisement he should have appointed other commissioners. The case of *Hanes v. Railroad,* 109 N. C., 490, is cited as authority for this position. Since that case was decided, however, the Act of 1893 has been enacted, by which the rights of all parties to the proceeding are fully protected by prescribing a jury trial in term time at the instance of either. It is contended by the petitioner that since the passage of that act there is no reason for appointing new commissioners, and that the clerk, being authorized by the statute to modify the report, may do so even as to matter of compensation without jeopardizing the rights of either

DURHAM *v.* RIGSBEE.

party to the proceeding. There is undeniable force in this reasoning. It is not necessary, however, that we should decide it now, inasmuch as the defendants did not move for the appointment of other commissioners. They preferred to exercise their undeniable right to demand a jury trial before the judge in term. Since the Act of 1893, Revisal, section 2588, the defendants had a right to demand a jury trial upon the matter of compensation. That act provides in express terms that in condemnation proceedings by any city or town to acquire rights of way for streets, any person interested in the land, or the condemner, shall be entitled to have upon demand the damages assessed by commissioners heard and determined upon appeal by a jury of the Superior Court in term time. The sole exception filed by the defendants to the report of the commissioners related to the amount of damages assessed. They entered no exception to the order appointing commissioners, and they appear to have waived whatever rights they may have had, except to have the amount of compensation they are entitled to receive determined by a jury in term. Having appealed to a jury of their country, they must abide the verdict rendered.

No Error.

CONNOR, J., concurs in result.