TOWN OF AYDEN v. E. A. LANCASTER AND WIFE.

(Filed 14 March, 1928.)

1. **Eminent Domain—Proceedings to Take Property and Assess Compensation—Right to Trial by Jury.**

In condemnation proceedings instituted by a town for the taking of lands for a public municipal purpose, the owner is entitled to a trial by jury in the Superior Court to determine his damages when he has duly preserved it by his exceptions and proper procedure, and when the trial judge has exercised his discretion in setting aside the amount theretofore awarded by the viewers, the cause continues in the court for the jury trial given him by statute; and an order directing the appointment of other commissioners by the clerk to go upon the land and assess the damages is erroneous. C. S., 1724.

CIVIL ACTION, before *Harris, J.,* at September Term, 1927, of PITT.

The town of Ayden, a municipal corporation, filed a petition in 1923 for the condemnation of certain land owned by the defendants. Commissioners were duly appointed, and in accordance with the law said commissioners went upon the premises and thereafter on 3 September, 1923, filed a report, assessing damages in favor of the defendants in the sum of $900. Thereupon the defendants filed exceptions to the report of the commissioners. The basis of the exceptions so filed was that the

value of the land taken was much more than $900. The clerk overruled the exceptions of the defendants and approved and confirmed the report of the commissioners. Whereupon the defendants excepted in writing to the order of the clerk and appealed to the Superior Court in term and demanded a jury trial on the issues raised by their exception to the report of the commissioners. Thereupon the clerk docketed the cause on the civil issue docket, to be tried by the court and a jury as provided by law.

Thereafter the cause came on to be tried in the Superior Court. At the conclusion of all the testimony the trial judge made the following order: "It is therefore ordered and decreed that a juror be withdrawn and that a mistrial is made, and the report of the commissioners appraising the damage sustained by the defendants in this cause be and the same is hereby in the discretion of the court set aside, and it is further ordered that a new appraisement of said damage in this cause be made, and to this end the clerk of the Superior Court of Pitt County is hereby directed to appoint three competent and disinterested freeholders of the county of Pitt, not residing in the town of Ayden, who shall go upon the premises set out and referred to in the petition filed in this cause, and after viewing the same shall assess the damages sustained by the defendant by reason of the taking of the land by the town of Ayden in this cause for street and cemetery purposes, and shall make their report of the same in writing in this cause within thirty days from the date hereof."

From the foregoing judgment the defendants appealed, assigning error.

*Pittman & Eure and F. C. Harding for plaintiff.*
*Julius Brown for defendants.*

BROGDEN, J. Consolidated Statutes, 1724, guarantees to a landowner the right of trial by jury in determining the amount of damages suffered by reason of the taking of property under the power of eminent domain. The only limitation imposed by law upon the right to such trial by jury is: "If upon the hearing of such appeal a trial by jury be demanded." The defendants demanded this right. *R. R. v. Newton,* 133 N. C., 132; *Durham v. Riggsbee,* 141 N. C., 128; *R. R. v. R. R.,* 148 N. C., 59; *Long v. Rockingham,* 187 N. C., 199.

The trial judge had full authority in his discretion to order a mistrial, but he was without authority, under the circumstances disclosed in this record, to remand the cause to the clerk of the Superior Court of Pitt County with direction "to appoint three competent and disinterested

freeholders . . . who should go upon the premises . . . and, after viewing the same, shall assess the damages sustained by the defendant," etc. There was no irregularity in the proceeding, but upon the other hand the cause stood regularly upon the civil issue docket for trial upon exceptions duly filed upon the question of damage, and the defendants were entitled to have the issue of damage determined by a jury.

The appeal of defendants from the order of the clerk confirming the report of the commissioners brought into the Superior Court the entire case, where the trial must be had *de novo* so far as the question of damage is concerned. *Durham v. Riggsbee,* 141 N. C., 128; *S. v. Jones,* 139 N. C., 613; *R. R. v. R. R.,* 148 N. C., 59.

In *S. v. Jones, supra,* the Court said: "As he has taken an appeal, his damages will be assessed *de novo* by a tribunal whose jurisdiction is undoubted."

We hold, therefore, that the defendants are entitled to have the issue of damages determined by a jury, and the judgment ordering a new appraisal is

Reversed.