A. L. LONG AND WIFE, ETTA LONG, W. T. BOSEMAN AND MRS. W. T. BOSEMAN, AND OSCAR TOWNSEND v. W. F. TOWNSEND.

(Filed 31 May, 1939.)

**Tender § 2—Tender held one made to obviate further litigation and was not an admission of indebtedness.**

In this proceeding to acquire right to open or deepen a drainage ditch across defendant's land, petitioners tendered the amount awarded by the commissioners upon the calling of the case for trial *de novo* upon appeal to the Superior Court. *Held:* While not in the form of a tender of judgment under C. S., 896, the tender was offered by those seeking affirmative relief to obviate further litigation, and was not an admission of indebtedness to the extent of the tender, and therefore it was error for the court to adjudge that respondent recover the amount of tender notwithstanding the verdict of the jury finding that no damages had been sustained by respondent.

APPEAL by petitioners from *Sinclair, J.,* at December Term, 1938, of HOKE. Error and remanded.

*G. B. Rowland and Downing & Downing for plaintiffs.*
*Bullard & Bullard for defendant.*

DEVIN, J. This was a proceeding instituted by petitioners under ch. 94 of the Consolidated Statutes to acquire right to open or deepen a ditch across defendant's land for the purpose of draining a portion of the lands of petitioners.

The commissioners appointed by the clerk in accordance with the provisions of the statute reported that upon the petitioners' cleaning out a certain connecting ditch no damage would accrue to the defendant. The report was subsequently remanded to the commissioners with directions to assess an amount in money in lieu of the ditching required, and by a supplemental report the commissioners fixed the amount at $75.00. Exceptions were filed by the defendant, and in due course the cause was transferred to the civil issue docket for trial by jury, at term, on the issue of damages. Thereupon the petitioners tendered to defendant $75.00 plus $25.00 to be applied on costs, and placed same in the hands of the clerk. This tender was not accepted by the defendant. Subsequently when the case came on for trial *de novo* in the Superior Court the following issue was submitted to the jury: "What damage, if any, would defendant sustain by plaintiffs' digging the ditch referred to in the petition?" To this the jury for its verdict answered, "No damages."

Motion to set aside the verdict was denied by the trial judge, but in the judgment it was decreed that the defendant recover of petitioners

*non obstante veredicto* the sum of $75.00, and that petitioners be taxed with costs of action accrued up to the trial term, and that defendant pay the costs of the term, the court being of opinion that the tender constituted an unconditional admission of liability to that amount. Petitioners excepted and appealed.

We think there was error in the ruling of the court below and that judgment should have been rendered in accord with the verdict. We cannot hold that the tender made by petitioners was unconditional, or was intended or should be considered as a payment in any event to the defendant. While it was not in the form of a tender of judgment under C. S., 896, it was intended as an offer to comply with the terms of the commissioners' supplemental report, for the purpose of affecting subsequent interest and costs. This is not a case where a plea of tender by a defendant constitutes an admission of indebtedness to the extent of the tender, but where those seeking affirmative relief, before trial, make an offer for the purpose of obviating further litigation. The defendant declined to accept the tender and proceeded with the trial. He submitted his cause to the jury in the hope of obtaining a larger amount and must be content with the verdict rendered. Having appealed to a jury of his county, he must abide the result. *Ayden v. Lancaster,* 195 N. C., 297, 142 S. E., 18; *Durham v. Rigsbee,* 141 N. C., 128 (133), 53 S. E., 531; 26 R. C. L., 658.

The cause is remanded to the end that the judgment be modified by eliminating therefrom recovery of seventy-five dollars against the petitioners and striking out the order restraining the cutting of the ditch until that sum should be paid.

Error and remanded.