THE BURLINGTON CITY BOARD OF EDUCATION v. HARVEY M. ALLEN AND MRS. SAMPSON ALLEN.

(Filed 3 February, 1956.)

**1. Eminent Domain § 14—**

Prescribing the procedure for the taking of land for public use is the exclusive prerogative of the Legislature, limited only by the constitutional requirement that just compensation be paid.

**2. Eminent Domain § 6—**

The General Assembly has delegated to the respective local school administrative units the authority to take land for school sites and other school facilities and has prescribed the procedure therefor. G.S. 115-125.

**3. Eminent Domain § 14—**

Under G.S. 115-125, the local school administrative unit is an administrative agency of the government in selecting a site for a new school building or other school facilities.

**4. Same: Administrative Law § 4—**

Where a local school administrative unit cannot acquire the site selected by it by gift or purchase and proceeds to condemn the property under G.S. 115-125, the notice prescribed by the statute is sufficient and issuance of summons as in case of special proceedings and civil actions is not required, G.S. 1-394, G.S. 1-88, since the proceeding is not judicial in nature unless and until an appeal is taken from the final report of the appraisers. The clerk of the Superior Court, in appointing appraisers under the statute, acts as the agent designated by the General Assembly to perform this duty, and not in his capacity as a judicial officer.

**5. Eminent Domain § 14: Administrative Law § 6—**

Under G.S. 115-125, the selection of a site for a new building or other school facilities by the local school administrative unit is a matter committed to the sound discretion of such administrative agency, which exercise of discretion the courts can review only for arbitrary abuse of discretion or disregard of law, the appeal from the final report of the appraisers being solely upon the question of the amount of compensation to be paid for the land taken.

**6. Same: Appeal and Error § 2—**

In proceedings instituted by a local school administrative unit to condemn land for a school site under G.S. 115-125, an appeal prior to the hearing upon exceptions to the final report of the appraisers is premature.

APPEAL by petitioner and respondents from *Carr, J.,* August Term, 1955, ALAMANCE.

Proceeding to condemn land for public school use.

The petitioner proposes to build a new school building to be known as Grove Park Elementary School and has selected as the site on which to locate said school building 23.02 acres of land in Burlington owned by the respondents. It has been unable to obtain said site from the respondents by gift or purchase.

On 13 July 1955 the superintendent of the Board of Education, hereinafter referred to as the board, prepared and had served on the respondents a notice of the intention of the petitioner to appropriate said land for public school use. The notice contains all the information required by G.S. 115-125, 1955 supplement. The notice was returnable on 20 July 1955. On said date said superintendent filed with the clerk of the Superior Court of Alamance County a petition in the name of the petitioner reciting the service of said notice which was thereto attached and praying the appointment of appraisers to lay off by metes and bounds the land described in the notice and to assess the value thereof in strict accord with the provisions of G.S. 115-125, 1955 supplement.

On said date, 20 July 1955, the respondents made a special appearance through counsel and moved to dismiss this proceeding "for that the Court has not in this proceeding properly acquired jurisdiction over the person of the said Harvey M. Allen and Mrs. Sampson Allen." They assert in their motion "that the applicable law with respect to the acquisition of sites for school purposes has not been sufficiently complied with to make them parties to this proceeding." However, they do not specify any particular failure to comply with the applicable statute. The clerk denied the motion, and the respondents excepted and appealed to the Superior Court.

When the cause came on for trial in the court below, "the Court being of the opinion that the order of the said Clerk of the Superior Court should be affirmed," entered judgment affirming the order of the clerk and remanding the proceeding to the clerk for further proceedings.

The respondents excepted to the order and appealed, and the court, on motion of respondents, stayed further proceedings pending the appeal. To the order staying proceedings petitioner excepted and appealed.

*W. L. Shoffner and Young, Young & Gordon for petitioner.*

*P. W. Glidewell, Sr., and Long, Ridge, Harris & Walker for respondents.*

BARNHILL, C. J. In the beginning it is necessary for us to note that General Statutes Ch. 115 was revised and re-enacted by the 1955 session of the General Assembly. The new Act is Ch. 1372, Session Laws 1955, and is entitled "AN ACT REWRITING, REARRANGING, RENUMBERING AND AMENDING CHAPTER 115 OF THE GENERAL STATUTES, AND REPEALING CERTAIN OBSOLETE SECTIONS THEREOF."

This new Act has been codified as a part of the 1955 cumulative supplement to recompiled volume 3A of our General Statutes. It is designated as Ch. 115 of the 1955 supplement as it is in the bound volume. But the subject matter of the several sections as contained in the bound volume has been completely changed. For instance, the pertinent part of the General Statutes which prescribes the procedure for condemning land for public school use is G.S. 115-85, as amended by Ch. 1335, S.L. 1955, whereas in the 1955 cumulative supplement it is G.S. 115-125. Hence it must be understood that references to any section or sections of General Statutes Ch. 115 hereafter made are to such section or sections as it or they appear in the 1955 cumulative supplement which is the law now in force and controlling here.

It is the exclusive prerogative of the Legislature—limited only by our organic law which requires that just compensation shall be paid for the land so appropriated—to prescribe the method of taking land for the public use. *Durham v. Rigsbee,* 141 N.C. 128.

In discharging this function in respect to schools, the General Assembly has delegated to the respective local school administrative units the authority to take land for school sites and other school facilities and has prescribed the procedure therefor. G.S. 115-125.

In prescribing the procedure for condemning land for public school use, it designated the clerk of the Superior Court of the county in which the property is situate as the one to select or appoint the appraisers and before whom all proceedings should be had up until the question of

just compensation arises. This, no doubt, was done for three reasons: (1) it provides a disinterested person to select the appraisers; (2) the proceeding will, in any event, in all probability reach the courts as such; and (3) it affords a ready means of providing a permanent record of the title acquired by the condemning governmental agency.

Therefore, as presently constituted, this is not a judicial proceeding. The petitioner is an administrative agency of the government. In selecting a site for a new building and other school facilities, it acts in its administrative capacity. If it cannot acquire the site selected "by gift or purchase," it may proceed to condemn the property selected as provided by G.S. 115-125.

Thus it is that this proceeding is not instituted before the clerk as a judicial officer but as an agent designated by the General Assembly to perform certain specific duties in connection with the condemnation of land for public school use. Consequently, it is not required that the proceeding be instituted by the issuance of a summons as in case of special proceedings or civil actions. G.S. 1-394; G.S. 1-88. Likewise, for the same reason the procedure is not the same.

The advisability of taking the property for public school use is a matter committed to the sound discretion of the petitioner with the exercise of which neither the respondents nor the courts can interfere. "It is a political and administrative measure of which the defendants are not even entitled to notice or to be heard. (Authorities cited.),", except as provided by statute. *Durham v. Rigsbee, supra; Selma v. Nobles,* 183 N.C. 322, 111 S.E. 543; *S. v. Jones,* 139 N.C. 613.

The action of the petitioner in selecting the site (not to exceed thirty acres) and in condemning the land so selected is not even subject to review by the courts except for arbitrary abuse of discretion or disregard of law. *Selma v. Nobles, supra; Pue v. Hood, Comr. of Banks,* 222 N.C. 310, 22 S.E. 2d 896.

"As to the procedure in a case of this kind, our decisions are to the effect that notwithstanding the appearance of issuable matter in the pleadings, it is the duty of the clerk, in the first instance, to pass upon all disputed questions presented in the record, and go on to the assessment of the damages through commissioners (or appraisers, as here) duly appointed, and allowing the parties, by exceptions, to raise any questions of law or fact issuable or otherwise to be considered on appeal from him in his award of the damages as provided by law." *Selma v. Nobles, supra; Abernathy v. R. R.,* 150 N.C. 97.

". . . No appeal lies until the final report of the commissioners (here appraisers) comes in, when, upon exceptions filed, the entire record is sent to the Superior Court, where all of the exceptions . . . may be then presented . . ." *Abernathy v. R. R., supra.*

The right of appeal is granted by the statute, G.S. 115-125, and it is by the appeal and docketing of the record in the Superior Court that the proceeding becomes judicial in nature.

Even then it is not upon the appropriation of the land for public use but upon the question of damages for the land so appropriated—just compensation—that the owner is entitled of right to a hearing in court and the verdict of a jury. *S. v. Jones, supra; Durham v. Rigsbee, supra.* It is upon the appeal that the respondents have their day in court and an opportunity to be heard before they are hurt.

The respondents have been given due and proper notice as required by law that the machinery to take their property for public school use and to fix and establish the "just compensation" they are to receive therefor has been set in motion. They may respond thereto as they may be advised. Their motion to dismiss is without merit, and their appeal was premature.

The court was in error in staying the condemnation proceeding pending the appeal. However, that question has now become moot.

The court below will remand this proceeding to the clerk to the end that he may proceed to appoint appraisers to lay off the land selected by the petitioner by metes and bounds, assess the fair value thereof, and make their report in writing. After the appraisers have filed their report in writing, the respondents may file exceptions thereto and raise such questions of law or issues of fact as they may be advised. If the appraised value of the property is not acceptable to them, the cause, on their exceptions, will be transferred to the civil issue docket, and they will be afforded their day in court to which they are entitled.

Appeal dismissed.