R. L. BROWN, JR., JOHN B. MORRIS, JR., J. HEATH MORROW, TED P. FURR, CHARLES W. PICKLER AND H. WELLS ROGERS, TRUSTEES OF THE ALBEMARLE CITY ADMINISTRATIVE UNIT, AND CLAUD GRIGG, SUPERINTENDENT OF PUBLIC INSTRUCTION OF THE ALBEMARLE CITY ADMINISTRATIVE UNIT, PETITIONERS, v. ELIZA JANE DOBY AND J. LILLIAN DOBY, RESPONDENTS.

(Filed 7 November, 1956.)

APPEAL by respondents from *Armstrong, J.,* February, 1956 Term, STANLY Superior Court.

This proceeding was instituted in 1954 under G.S. 115-85 (now G.S. 115-125) for the purpose of acquiring a suitable site for a senior high school plant in the Albemarle City Administrative Unit, Stanly County. The petitioners alleged, and the respondents admitted the petitioners had determined that a senior high school plant is necessary in the

BROWN *v.* DOBY.

Administrative Unit and that its Board of Trustees "has determined that the only suitable site for the location of said senior high school plant in the Albemarle City Administrative Unit is the 26.972-acre tract of land belonging to respondents." The parties stipulated the petitioners were unable to acquire the site by gift or purchase. Other pertinent facts are set forth in a former appeal reported in 242 N.C. 462. Appraisers appointed for that purpose fixed the amount of compensation to be paid at $37,660. From the order of the Superior Court of Stanly County confirming the report, the respondents excepted and appealed. The jury in the Superior Court fixed the amount of damages to be paid to the respondents at $40,000. From the judgment on the verdict, the respondents appealed, assigning errors.

*Staton P. Williams for petitioners, appellees.*
*Sedberry, Clayton & Sanders*
*By: J. C. Sedberry, for respondents, appellants.*

PER CURIAM. Upon failure to acquire by gift or purchase, discretionary power existed in the petitioners to select and take land (not exceeding 30 acres) for school purposes. No right to stay the taking existed in the respondents. *Board of Education v. Allen,* 243 N.C. 520, 91 S.E. 2d 180. The respondents' rights are limited to the recovery of damages. The petitioners' liability is to pay them. The parties failed to agree as to the amount. The jury, in accordance with applicable rules of law, decided the issue. No reason appears why the result should be disturbed.

No error.

JOHNSON, J., not sitting.

RODMAN, J., took no part in the consideration or decision of this case.