EARL TOPPING v. THE NORTH CAROLINA STATE BOARD OF EDUCATION AND WILLIAM D. HERRING, J. A. PRITCHETT, GUY B. PHILLIPS, CHARLES G. ROSE, JR., R. BARTON HAYES, GERALD COWAN, CHARLES E. JORDAN, H. L. TRIGG, EDWIN GILL, THE INDIVIDUAL MEMBERS THEREOF, WHO ARE SUED IN SUCH CAPACITY, AND CHARLES F. CARROLL, SUPERINTENDENT OF PUBLIC INSTRUCTION OF NORTH CAROLINA, ORIGINAL DEFENDANTS, AND HYDE COUNTY BOARD OF EDUCATION AND GRATZ SPENCER, WALTER LEE GIBBS, AND CRAWFORD CAHOON, THE INDIVIDUAL MEMBERS THEREOF, ADDITIONAL DEFENDANTS.

(Filed 14 January, 1959.)

**1. Injunctions § 13: Judgments § 27c—**

If an order continuing a temporary restraining order to the hearing is erroneous, it can be corrected only by appeal, and in the absence of appeal it determines the status of the cause until the hearing.

**2. Courts § 9: Injunctions § 13—**

Where the court, upon findings of fact and conclusions of law, continues a temporary restraining order to the hearing on the merits, such findings and conclusions are not reviewable by another Superior Court judge upon motion to dissolve the temporary order prior to the final hearing.

**3. Eminent Domain § 7—**

Chapter 683, Session Laws of 1957, rewrote Art. 15, Sec. 1, Chapter 1372, Session Laws of 1955 (G.S. 115-125), and condemnation proceedings for a school site are controlled by G.S. 40, Art. 2.

**4. Eminent Domain § 13—**

In proceedings to condemn land for a school site, the payment into court by the county board of education of the amount of damages assessed by the commissioners and the taking of possession by it under order of the clerk while the cause remains pending for trial on exceptions directed both to petitioner's right to condemn and to the adequacy of the damages awarded by the commissioners, G.S. 40-19, does not vest title in the board, since title is not divested from the landowner unless and until the condemnor obtains a final judgment in his favor and pays the landowner the amount of damages fixed by such final judgment.

**5. Injunctions § 13— Holding that defendants had complied with conditions for dissolution of temporary restraining order, held error.**

Order was entered restraining the State Board of Education and the members thereof and the State Superintendent of Public Instruction from making funds available to the county board of education for the construction of a high school until the county board should have acquired title in fee simple to the entire school site, and no appeal was taken from this order. On motion to dissolve the temporary restraining order prior to the hearing on the merits, another Superior Court judge found that defendants had substantially complied with the conditions of the order in that the county board had obtained possession of the site in the condemnation proceeding upon payment into court of the damages assessed by the commissioners, notwithstanding that the proceeding remained pending for trial on exceptions to the commissioners' report. *Held:* The dissolution of the restraining order was error, since the mere acquisition of possession is not the acquisition of title within the purview of the temporary restraining order.

APPEAL by plaintiff from order dated November 21, 1958, entered by *Paul, J.,* Resident Judge, after hearing in Washington, N. C. From HYDE.

The plaintiff is a resident, freeholder and taxpayer of Hyde County.

The original defendants are the North Carolina State Board of Education, the (named) individual members thereof, and the (named)

Superintendent of Public Instruction of North Carolina.

On April 23, 1958, the original defendants, in response to order to show cause issued April 9, 1958, appeared before Judge Moore, who, after a hearing on plaintiff's application for a temporary restraining order, entered an order, which, after recitals, contained the following provisions:

"AND THIS CAUSE BEING HEARD AND THE COURT HAVING HEARD AND CONSIDERED EVIDENCE AND THE ARGUMENTS OF COUNSEL FINDS THE FOLLOWING FACTS:

"1. That during the year 1957 in the Superior Court of Hyde County a judgment was entered authorizing and requiring the Board of Education of Hyde County to build a consolidated high school at a place near Lake Mattamuskeet, designated in said judgment.

"2. That the State Board of Education allocated for the purpose of constructing the high school building for said consolidated high school $164,484.44 pursuant to provisions of the Session Laws of the General Assembly of North Carolina, 1953, Chapter 1046.

"3. That before allocating the said money aforesaid, the State Board of Education approved plans for said consolidated high school, including a site for said school of 15.15 acres; that the Board of Education of Hyde County acquired title in fee simple to 3.04 acres of said site almost immediately, but have not yet acquired fee simple title to the remainder of said site and there is pending in the Superior Court of Hyde County condemnation proceeding for the remainder of said site, but there has been no report of commissioners who have been appointed to determine the value of the lands being condemned.

"4. That the Board of Education of Hyde County has entered into a contract for the construction of the high school building in question and proposed to build the building on the 3.04 acres which has already been acquired by the Board of Education of Hyde County; that the Court cannot determine at this time whether the said Board of Education of Hyde County would be able to obtain the remainder of the 15.15 acre site in fee or whether they will have funds available for the purpose of purchase of same if it can be condemned.

"5. That the State Board of Education has knowledge that the Hyde County Board of Education only owns 3.04 acres of said site in fee.

"6. That it is proposed to build the high school building on the portion of the site already acquired, but the plans approved by the State Board of Education provide for parking areas, athletic fields, gymnasium and other facilities for the school; and that the plan for the consolidated high school indicates that some of the walks accommodating the proposed high school building would be located on the land yet unacquired.

"AND THE COURT BEING OF THE OPINION:

"1. That the State Board of Education could not and would not have made an allotment of funds for the construction of said high school building if the plan for the consolidated high school had shown only a site of 3.04 acres, and that according to the rules of the State Board of Education, as appears in the Hand Book for Elementary and Secondary Schools issued by the State Superintendent of Public Instruction in 1953, it is the Policy of the State Board of Education to require a sufficient site for high schools to accommodate not only the buildings for instruction, but for playgrounds, athletic fields, gymnasium, parking and other necessary facilities.

"3. That in entering into the contract for the construction of said building without first having obtained the site planned for and approved, the County Board of Education of Hyde County was acting unlawfully and without authority and all of the facts and circumstances of the acts of said Board is (*sic*) and has (*sic*) been known to the defendants herein.

"4. That it would be injurious to the school officials and to the general public of Hyde County if the allotted funds should be disbursed to the Hyde County Board of Education and expended for the building of said consolidated high school before the entire site has been obtained for the reason that it is possible that additional site may not be acquired and the school would be left without sufficient land to accommodate a proper high school for Hyde County and for the further reason that the construction of said building will cause an increase in the values of surrounding property and will make the site more difficult to acquire in the future than at the present.

"IT IS, THEREFORE, ADJUDGED AND DECREED that the defendants herein be restrained and enjoined from disbursing and making available to the Board of Education of Hyde County the sum of $164,484.44 heretofore allotted until the final hearing of this cause or until title to the full site of 15.15 acres shall have been acquired in fee simple by the Board of Education of Hyde County; and that the demurrer filed by the defendants is OVERRULED.

"IT IS FURTHER ADJUDGED that when the Board of Education of Hyde County shall have acquired legal rights, either by deed or by operation of law or otherwise to the site of 15.15 acres that the defendants herein shall upon five days' notice move to dissolve the injunction hereby issued and upon a showing that title and right to said land have been acquired by deed by operation of law or otherwise, this injunction shall be thereupon immediately dissolved, provided, of course, that if this has not occurred before the final hearing

that the matter may be disposed of at the final hearing as the Court shall find proper."

The original defendants excepted to Judge Moore's said order of April 23, 1958, and gave notice of appeal to the Supreme Court, but did not perfect their appeal.

When said order of April 23, 1958, was issued, construction of the school building on the 3.04 acres had started. On March 24, 1958, in a prior action by this plaintiff against the Hyde County Board of Education, the (named) individual members thereof, and the (named) Superintendent of Public Instruction of Hyde County, Judge Paul had denied plaintiff's application for an order temporarily restraining said defendants from entering into a contract for the erection of a consolidated high school on the site here involved. Plaintiff's appeal therefrom to this Court was dismissed as academic because, pending the appeal, defendants had entered into the contract. *Topping v. Board of Education,* 248 N.C. 719, 104 S.E. 2d 857.

It appears from a judgment of Judge Moore dated June 27, 1958, included in this record, entered in contempt proceedings, that, in violation of said order of April 23, 1958, the Chairman of the Hyde County Board of Education and the Superintendent of Public Instruction of Hyde County, in his capacity of secretary ex officio of the Hyde County Board of Education, signed a requisition dated May 12, 1958, which was honored by the State Board of Education on May 19, 1958, and that the State Board of Education deposited the amount of said requisition, to wit, $19,184.28, to the credit of the Hyde County Board of Education, which disbursed said $19,184.- 28 to the general contractor, the architect, and other contractors, for work incident to said construction. Said judgment of June 27, 1958, adjudged Tommie Gaylor, Superintendent of Public Instruction of Hyde County, guilty of wilful contempt; and he excepted and gave notice of appeal. However, no question relating to the contempt proceedings or Judge Moore's judgment of June 27, 1958, is presented on the present appeal; and further facts incident to these matters need not be stated.

On November 15, 1958, Judge Paul, in Chambers, conducted a hearing on the original defendants' motion to dissolve (prior to final hearing) Judge Moore's restraining order of April 23, 1958. Prior to November 15, 1958, upon their application, the Hyde County Board of Education and the (named) individual members thereof were made *additional* parties defendant.

Prior to the *institution* (April 10, 1958) of this action, the title status of the 15.15 acre school site was as follows: The Hyde County Board of Education owned 3.04 acres thereof in fee simple. On Feb-

ruary 17, 1958, it had instituted a condemnation proceeding entitled "THE HYDE COUNTY BOARD OF EDUCATION, Petitioner, v. EUGENE D. MANN AND WIFE, BEATRICE L. MANN; CAR-ROLL D. MANN AND WIFE, GENEVA F. MANN, Respondents," before the Clerk of the Superior Court of Hyde County, for the sole purpose of acquiring title to the remaining 12.11 acres thereof, subject to "a perpetual easement and right of ingress and egress ............ feet in width on the Westward and Southward sides of said land sought to be acquired," in favor of respondents Eugene D. Mann and wife, Beatrice L. Mann, their heirs and assigns.

As to the status of said condemnation proceeding on November 21, 1958, these facts are pertinent:

Commissioners, appointed by the clerk, filed their report on September 17, 1958. They assessed damages against petitioner as follows: to Carroll D. Mann and wife, Geneva F. Mann, for their 4.62 acres and damages to their adjoining lands, the sum of $1,848.00; to Eugene D. Mann and wife, Beatrice L. Mann, for their 7.49 acres and damages to their adjoining lands, the sum of $3,370.50. In each instance, they found no special benefits. They located, fixing the width thereof at 30 feet, an easement of right of way in favor of Eugene D. Mann and wife, Beatrice L. Mann, as an appurtenance to their remaining land, over and along the west and south sides of the 4.62 acres.

On September 18, 1958, the clerk, upon payment by petitioner into his office of the respective damages so assessed, a total of $5,218.50, signed an order "that the Hyde County Board of Education be, and it is let into possession of the lands appraised as provided by law."

On October 22, 1958, the clerk, at a hearing on respondents' exceptions to the commissioners' report and to said order of September 18, 1958, overruled "each and every" of respondents' said exceptions and "approved and affirmed" the commissioners' report and his prior order of September 18, 1958.

The respondents excepted to the clerk's order of October 22, 1958, and appealed. By reason of respondents' said appeal, the condemnation proceeding awaits trial in the superior court at term.

After full recitals (1) as to prior proceedings herein, and (2) as to the status of said condemnation proceeding on November 21, 1958, including a finding that the Hyde County Board of Education "has now acquired right to possession and has by order of Clerk of Superior Court of Hyde County been let into possession and is in possession of 12.11 acres of land adjacent and contiguous to the said 3.04 acres of land and is in the process of acquiring by operation of law the fee simple title thereto," Judge Paul, by his order of November

21, 1958, dissolved Judge Moore's restraining order of April 23, 1958. "being of the opinion that the conditions imposed in the temporary restraining order . . . as precedent to the contemplated dissolution of said order, have been completely or substantially complied with by said Hyde County Board of Education."

Plaintiff excepted "to the conclusions of the Court and the judgment entered" and appealed; and, upon appeal, "assigns as error the signing of said order by Judge M. C. Paul, which appellant contends is contrary to law."

*Grimes & Grimes, LeRoy Scott and Wilkinson & Ward for plaintiff, appellant.*

*Attorney General Seawell and Assistant Attorney General Love for original defendants, appellees.*

*O. L. Williams and White & Aycock for additional defendants, appellees.*

BOBBITT, J.   Judge Moore's order of April 23, 1958, entered after notice and hearing, restrained *the original defendants* "until the final hearing of the cause or until title to the full site of 15.15 acres shall have been acquired in fee simple by the Board of Education of Hyde County."

The original defendants were entitled, by perfecting an appeal from Judge Moore's said interlocutory order, to a review by this Court of his findings of fact and conclusions of law. *Roberts v. Cameron,* 245 N.C. 373, 376, 95 S.E. 2d 899, and cases cited. Judge Moore's order, if *erroneous,* was subject to *correction* only by this Court. *Mills v. Richardson,* 240 N.C. 187, 81 S.E. 2d 409, and cases cited; *Dail v. Hawkins,* 211 N.C. 283, 189 S.E. 774, and cases cited. Upon their failure to appeal therefrom, Judge Moore's order determined the status of the case until final hearing. (Note: There has been no final hearing.)

This is an appeal by plaintiff from Judge Paul's order of November 21, 1958. It presents no question as to whether Judge Moore's order was erroneous in any respect.

Judge Paul was without judicial power to modify or reverse either the findings of fact or the conclusions of law theretofore made by Judge Moore. It is well settled that the findings and decisions of one superior court judge are not subject to review by another superior court judge. *Hoke v. Greyhound Corp.,* 227 N.C. 374, 42 S.E. 2d 407; *In re Adams,* 218 N.C. 379, 11 S.E. 2d 163; *Fertilizer Co. v. Hardee,* 211 N.C. 56, 188 S.E. 623. Certain well defined exceptions to this basic rule have no application here.

Advertent to this well established rule, Judge Paul based his decision on the ground that, subsequent to April 23, 1958, the Board of

Education of Hyde County had completely or substantially *complied with the conditions prescribed by* Judge Moore as prerequisite to the dissolution of his order prior to final hearing.

The findings of fact and conclusions of law set forth therein disclose clearly, in our opinion, that Judge Moore's order of April 23, 1958, was based upon his ruling that the original defendants had no legal right to pay over the $164,484.44 to the Board of Education of Hyde County unless and until it acquired the fee simple title to the full site of 15.15 acres. Acquisition of *the fee simple title* to the full site of 15.15 acres was the condition prescribed by Judge Moore for the dissolution of his restraining order prior to final hearing. Nothing therein suffices to show that Judge Moore contemplated or intended that his restraining order was to be dissolved (prior to final hearing) upon a showing that the Board of Education of Hyde County had acquired a mere right to possession of the 12.11 acres pending final determination of the condemnation proceedings.

Hence, we are concerned with the title status as of November 21, 1958. Whether the Board of Education of Hyde County could or would *thereafter* acquire fee simple title to the 12.11 acres by condemnation or otherwise is beside the point.

Decision herein must be based on the legal significance of what occurred after April 23, 1958, and prior to November 21, 1958, in the condemnation proceeding; and, in this connection, our first inquiry is to determine the applicable statutory provisions.

All of the provisions of Ch. 115 of the General Statutes of North Carolina as contained in Vol. 3A and the 1953 Supplement thereto were rewritten by Ch. 1372, Session Laws of 1955, entitled "AN ACT REWRITING, REARRANGING, R E N U M B E R I N G AND AMENDING CHAPTER 115 OF THE GENERAL STATUTES, AND REPEALING CERTAIN OBSOLETE SECTIONS THERE-OF." Article 15, Section 1, of said 1955 Act, as amended by Ch. 1335, Session Laws of 1955, was codified as G.S. 115-125 in the *1955 Supplement* to (recompiled) Vol. 3A of the General Statutes. Principally, it brought forward the provisions theretofore codified in Vol. 3A as G.S. 115-85 and considered in *Brown v. Doby*, 242 N.C. 462, 87 S.E. 2d 921. G.S. 115-125, as codified in said *1955 Supplement*, was considered in *Board of Education v. Allen*, 243 N.C. 520, 91 S.E. 2d 180.

Ch. 683, Session Laws of 1957, is entitled, "AN ACT TO RE-WRITE G.S. 115-125 RELATING TO THE ACQUISITION OF SCHOOL SITES." Sec. 1 thereof amends "G.S. 115-125" by rewriting it as therein set forth, providing, *inter alia*, that a county board of education may acquire a school site by condemnation proceedings instituted by it under the provisions of G.S. Ch. 40, Art. 2. Sec. 2

thereof repeals all laws and clauses of laws in conflict therewith.

The 1957 Act now appears as G.S. 115-125 in the *1957 Supplement* to Vol. 3A of the General Statutes.

While not so denominated in Ch. 1372, Session Laws of 1955, Sec. 1, Art. 15, thereof, is the 125th *section* of said chapter. It seems clear that, in enacting the 1957 Act, the legislative intent was to rewrite Art. 15, Sec. 1, of Ch. 1372, Session Laws of 1955, and we so hold. See *Board of Education v. Allen, supra.*

Consequently, the condemnation proceedings must be considered as instituted under the provisions of G.S. Ch. 40, Art. 2, pursuant to authority conferred by Ch. 683, Session Laws of 1957.

It is noted that the provisions of G.S. Ch. 40 apply equally to all bodies politic, corporations and persons (enumerated in G.S. 40-2) possessing the power of eminent domain.

The condemnation proceeding instituted by the Hyde County Board of Education against the Manns is now pending in the Superior Court of Hyde County, awaiting trial at term on exceptions directed both to the petitioner's right to condemn and to the adequacy of the damages awarded by the commissioners. G.S. 40-19. Present comment on the validity of these exceptions is not necessary or appropriate.

The determinative question is this: Did the payment into court by the Hyde County Board of Education of the amount of damages assessed by the commissioners and its possession of the 12.11 acres as authorized by the clerk's order vest the fee simple title to the 12.11 acres in the Hyde County Board of Education? Explicit provisions of G.S. 40-19 impel a negative answer.

While payment into court of the amount of damages assessed by the commissioners entitled the Board of Education of Hyde County to possession of the 12.11 acres "notwithstanding the pendency of the appeal, and until final judgment rendered on said appeal," in the event of a final adverse judgment it would be required to surrender possession thereof to the landowners. G.S. 40-19; *R. R. v. R. R.,* 148 N.C. 59, 61 S.E. 683. In such event, the court would make appropriate orders with reference to the refund of its deposit. G.S. 40-19. Temporary possession, *pendente lite,* subject to removal by final adverse judgment, is quite different from a final judicial determination that the condemnor is entitled as a matter of right to permanent possession. The title of the landowner is not divested unless and until the condemnor obtains *a final judgment* in his favor *and* pays to the landowner *the amount of the damages fixed by such final judgment.* G.S. 40-19; *Light Co. v. Manufacturing Co.,* 209 N.C. 560, 184 S.E. 48. True, a condemnor may not, as a matter of right, take a voluntary nonsuit, *over the landowner's objection,* after obtaining temporary

possession by payment of the amount of damages assessed by the commissioners, *R. R. v. R. R., supra,* but this is because the land-owner may, if he elects to do so, assert his claim for damages on account of the condemnor's possession *pendente lite.*

Having reached the conclusion that the Board of Education of Hyde County, as of November 21, 1958, had not acquired the fee simple title to the full site of 15.15 acres, it follows that Judge Paul's order of November 21, 1958, is erroneous. Hence, Judge Paul's said order is vacated; and Judge Moore's order of April 23, 1958, continues in full force and effect.

Order vacated.