H. M. BROOKS, et al. v. J. L. AUSTIN, et al.

*Appeal from Clerk to the Judge—Statement of the Case.*

1. Where an appeal is taken from a decision of the Clerk to the Judge, the Clerk should prepare and send up to the Judge a statement of the case, embracing all the material facts passed on by him, and copies of all papers which came before him.

2. Upon appeals to this Court, it will not affirm the judgment for want of a statement of the case on appeal, where the errors appear sufficiently assigned in the record itself.

(*State* v. *Crook*, 91 N. C., 536; *State* v. *Byrd*, 93 N. C., 624, cited and approved).

SPECIAL PROCEEDING heard on appeal from the Clerk, by *Shipp, Judge*, at Fall Term, 1885, of the Superior Court of UNION county.

This special proceeding was brought for the purpose of having the land described in the petition sold for partition among the heirs-at-law of D. B. Austin, deceased. In the petition and the answers thereto, reference is made to an ante-nuptial agreement, made by and between the said Austin, and the *feme* defendant, Catherine Helms, who was his wife, and surviving widow, and who, since his death, has intermarried with the defendant A. M. Helms, but the same is not made a part of the pleadings, nor is it set forth as an exhibit thereto. It was, however, considered and construed by the Clerk in his judgment and order directing a sale of the land. He held that it was valid and operative, and excluded the said Catherine from all rights of dower in the land, and that she was entitled only to a specified interest therein in lieu of dower, year's support and share in the personal estate. From this judgment, she and her present husband appealed to the Judge, who upon consideration "sustained and approved" the rulings of the Clerk, and from his decision they appealed to this court.

*Mr. D. A. Covington,* for the plaintiffs.
*Mr. J. T. Strayhorn,* for the defendants.

MERRIMON, J. (after stating the facts). The counsel for the appellants excepted to the ruling of the Clerk, and likewise that of the Judge, in respect to the ante-nuptial agreement mentioned, but it does not appear affirmatively how the latter came before the court. A copy of the agreement is sent up as a part of the transcript of the record.

In this Court, the counsel for the appellees moved, at the present term, to affirm the judgment, upon the grounds that no error is assigned in the record, and there is no statement of the case on appeal for this Court.

The proceedings are certainly very informal, and do not present the exception to the decision of the Court appealed from, with precision; but we are of opinion that the grounds of error

assigned informally, appear sufficiently in the record, to enable us to pass upon their merits.

Regularly, when an appeal is taken from a decision of the Clerk, acting as and for the Court, to the Judge thereof, he should " prepare a statement of the case, of his decision, and of the appeal," and sign the same. This statement should embrace the material facts, copies of necessary paper writings, or such papers themselves, to the end the Judge may review the decision of the Clerk appealed from upon its full merits. The Code, §254. And upon appeal from the decision of the Judge in such case to this Court, there should be a statement of the case upon appeal as in other cases. The Code, §256.

But when the grounds of error appear sufficiently assigned in the record itself in terms or by necessary implication, without such statement upon appeal, the Court will consider and pass upon their merits. *State* v. *Crook*, 91 N. C. 536, and cases there cited ; *State* v. *Byrd*, 93 N. C. 624.

It appears by necessary inference, that the ante-nuptial agreement was before the Clerk, and considered by him, and he based his judgment in part upon it, and it likewise so appears that it was considered and construed by the Judge upon the appeal to him. The informal exceptions to the rulings of the Clerk, and the decision of the Judge, appearing in the record, show, by plain implication, that the appellants deny the correctness of the construction placed upon the ante-nuptial agreement by them. The agreement is sent up as part of the transcript, not, it is true, in the orderly manner and connection in which it ought to appear, but still in such way as that this Court can see its purpose and connection, with sufficient distinctness to enable it to decide the questions in respect to it, intended to be presented by the appeal. It is not suggested that the copy of the agreement is not a correct one of the original passed upon by the Clerk and Judge, and it must be taken as such, and treated as if it were set out in its proper place, in connection with the errors assigned.

The appellees are not, therefore, entitled to have their motion to affirm the judgment, for the causes stated, allowed. The case must be heard and determined upon the grounds of error as they appear informally assigned in the record. To this end it will be continued, and stand for argument at the next term. It is so ordered.

Motion denied.