ELECTRIC POWER BOARD OF CITY OF NASHVILLE *v.* THONI

(*Nashville,* December Term, 1946.)

Opinion filed May 3, 1947.

CHARLES G. BLACKARD, of Nashville, for plaintiff in error.

NORMAN FARRELL, of Nashville, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The circuit judge dismissed the petition for condemnation herein and this appeal resulted. The suit was styled as follows:

"The Electric Power Board of the City of Nashville, composed of William C. Baird, J. C. Bradford, Truman Ward, F. R. Edenfield, and Leon Gilbert, on behalf and in the name of the City of Nashville, a municipal corporation created under Chapter 47 of the Private Acts of 1943, as amended, Petitioner, v. Ada H. Thoni, a resident of Davidson County, Tennessee, Defendant."

The circuit judge was of the opinion that the Private Acts of 1943, Chapter 47, as amended, and especially section 60 thereof, did not provide a sure and certain fund for the payment of defendant's land when condemned and

taken as provided by the Constitution of Tennessee, and violates Article 1, sections 8 and 21.

Article 1, section 8, provides: "That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed, or deprived of his life, liberty, or property, but by the judgment of his peers or the law of the land."

Article 1, section 21, provides: "That no man's particular services shall be demanded, or property taken or applied to public use, without the consent of his representatives, or without just compensation being made therefor."

The petition recites that the Electric Power Board, on behalf and in the name of the City of Nashville filed its petition pursuant to section 60, Chapter 47, of the Private Acts of 1943, as amended, which section provides: "Be it further enacted, That said Board is expressly authorized to exercise the power of eminent domain on behalf and in the name of the City of Nashville within or without said City, in order to acquire any property, real or personal, necessary or useful in exercising the power and authority conferred by this Act; and any property so acquired shall be paid for out of the earnings of the power plant and/or system herein provided for, or from the proceeds of the bond issue authorized by this Act. The title to all property taken for the purpose of exercising the powers conferred by this Act, whether acquired by contract or by exercise of the power of eminent domain, shall be taken in the name of the City of Nashville, Tennessee; and such condemnation proceedings as may be deemed necessary or proper shall be pursuant to, and in accordance with, the provisions of Section 3109 and Section 3134 inclusive of the Code of Tennessee."

The Electric Power Board filed its petitions for *certiorari* and *supersedeas,* which were granted by a member of this Court. The case was later heard before the Court and elaborate briefs were filed.

The contention made by the defendant property owner is that the writ of *certiorari* does not lie in the instant case. The insistence of the Electric Power Board is that the circuit judge acted illegally and beyond his jurisdiction and, therefore, the relief sought lies only through writ of *certiorari.*

In *City of Nashville* v. *Dad's Auto Accessories,* 154 Tenn. 194, 198, 285 S. W. 52, 53, this Court said: " . .

. The powers of this court with respect to the issuance of writs of *certiorari* to inferior courts, by statute and under our decisions, are broad and comprehensive, whenever an inferior tribunal exercising judicial functions has exceeded the jurisdiction conferred or is acting illegally."

The present case is distinguishable from *Howell* v. *Thompson,* 130 Tenn. 311, 170 S. W. 253, wherein *supersedeas* was the primary process. Moreover, the writ of *certiorari* has already been granted, and since a single question is involved, it would serve no useful purpose to remand the case to later come up on appeal in error.

The defendant property owner insists that no adequate provision is made for the payment of damages.

We do not think section 60, Chapter 47, of the Private Acts of 1943 is unconstitutional. The Electric Power Board is an arm of the municipality of Nashville. It is authorized to exercise the power of eminent domain "on behalf and in the name of the City of Nashville," and whether the Act states that the property acquired shall be paid for out of the earnings of the power plant, or from the proceeds of the bond issue, still there is a general

obligation on the city to pay for the land so taken, as it becomes the property of the city.

The use of the word "for" in the execution of a deed by an attorney in behalf of his principal is sufficient to show that the person was acting in a representative, and not in a personal, capacity, and to render the instrument the obligation of the principal; the word "for" meaning "on behalf of". *Donovan* v. *Welch,* 11 N. D. 113, 90 N. W. 262; *Tucker Mfg. Co.* v. *Fairbanks,* 98 Mass. 101.

It was held in *Nashville* v. *Dad's Auto Accessories, supra,* that in condemnation proceedings by a municipality, the details of advance provision for payment of the damages, which may be recovered by an owner, are not material; if funds appropriated for the purpose are insufficient, or become exhausted, the taxable property of such municipality constitutes a fund to which the owner may resort for payment.

Where protection is fully provided against loss or damages, as may be finally awarded, the condemnor is entitled to immediate entry; where neither a want of power to exercise the right nor immunity from appropriation of particular property is involved. *Alfred Phosphate Co.* v. *Duck River Phosphate Co.,* 120 Tenn. 260, 113 S. W. 410, 22 L. R. A., (N S.) 701; *Railroad Co.* v. *Forest Hill Cemetery Co.,* 116 Tenn. 400, 94 S. W. 69.

We think the defendant property owner is fully protected by the statute and no constitutional protection has been offended.

The judgment of the lower court is reversed and the case is remanded.