GREENSBORO-HIGH POINT AIRPORT AUTHORITY v. JOHN L. IRVIN AND WIFE, HELEN A. IRVIN; CHARLES W. IRVIN, JR., AND WIFE, MARY S. IRVIN; DORIS L. EGERTON AND HUSBAND, GEORGE C. EGERTON; AND PEARL T. IRVIN

No. 68SC235

(Filed 18 September 1968)

1. **Eminent Domain § 7; Injunctions §§ 7, 11— airport authority — air rights easement — payment into court of assessed damages — appeal to Superior Court — injunction preventing removal of trees**

   While the payment into court of the damages assessed by the commissioners in proceedings by a municipal airport authority to condemn an air rights easement for the purpose of removing trees and other growth from the property entitles the condemnor to "enter, take possession of, and hold" the property pending final adjudication of an appeal, G.S. 40-19, the Superior Court may properly grant a restraining order preventing the condemnor from cutting trees on the property pending an appeal by the landowners to the Superior Court where not only the amount of compensation but the right and necessity of the airport authority to condemn the property are at issue.

2. **Eminent Domain § 1— laws strictly construed**

   The exercise of the power of eminent domain is in derogation of common right, and all laws conferring such power must be strictly construed.

APPEAL by petitioner from *Crissman, J.,* at the 19 February 1968 Session GUILFORD Superior Court, Greensboro Division.

This special proceeding was instituted on 9 March 1966. Answer was filed on 2 May 1966, commissioners' report was filed 16 September 1966, and confirmation was made by the clerk on 26 January 1968.

In its petition, petitioner pled the public local laws which brought it into existence as a body politic and corporate, and which gave it

all rights or powers given to counties or municipalities by the statutes of North Carolina relating to the development, regulation and control of municipal airports and the regulation of aircraft. The petitioner further alleged that the public interest and necessity required that it acquire and take an air rights easement and right-of-way over certain lands of the respondents for the purpose of removing trees and other growth or structure within the approach surface zone and horizontal surface zone of the petitioner as designated in the zoning regulations of the petitioner.

The respondents answered, denying the authority of the petitioner to take the air easement or to interfere with natural growth within the area and also denying the necessity therefor.

Commissioners were appointed and reported their findings of damage amounting to $11,368.75. The lower limits of the easement ranged upward from 48 feet from the ground. Both parties excepted to the findings of the commissioners which were, however, confirmed by the Clerk of Superior Court. Respondents gave notice of appeal to the Superior Court on 26 January 1968 and on the same day obtained a temporary restraining order from Lupton, J., restraining petitioner from interfering with the trees on the subject lands pending the appeal to Superior Court.

Petitioner then asked that the restraining order be dissolved and the request for a permanent injunction be denied. After a hearing, Judge Crissman ordered that the temporary restraining order continue until further order of the court. Petitioner appeals from this order.

*Booth, Osteen, Fish, Adams & Dameron by William L. Osteen for petitioner appellant.*

*Turner, Rollins, Rollins & Suggs by Thomas Turner and Clyde T. Rollins for respondent appellees.*

BRITT, J.

[1]    The question presented by this appeal is: Was the petitioner entitled to the use of the property which it seeks to take to the extent of cutting and trimming trees thereon pending the appeal by respondents to the Superior Court on the issues of necessity, authority to condemn, and adequacy of compensation?

The answer to the question depends upon the construction of the following portions of G.S. 40-19:

If the said corporation, at the time of the appraisal, shall pay

into court the sum appraised by the commissioners, then and in that event the said corporation may enter, take possession of, and hold said lands, notwithstanding the pendency of the appeal, and until the final judgment rendered on said appeal. And if there shall be no appeal, or if the final judgment rendered upon said petition and proceedings shall be in favor of the corporation, and upon the payment by said corporation of the sum adjudged, together with the costs and counsel fees allowed by the court, into the office of the clerk of the superior court, then and in that event all persons who have been made parties to the proceedings shall be divested and barred of all right, estate and interest in such easement in such real estate during the corporate existence of the corporation aforesaid or if the proceedings have been instituted by such corporation to acquire a fee simple title to such real estate, then all persons who have been made parties to the proceedings shall be divested and barred of all right, title and interest in such real estate. * * * But if the court shall refuse to condemn the land, or any portion thereof, to the use of such corporation, then, and in that event, the money paid into court, or so much thereof as shall be adjudged, shall be refunded to the corporation. And the corporation shall have no right to hold said land not condemned, but shall surrender the possession of the same, on demand, to the owner or owners, or his or their agent or attorney. * * *

Authorities make a distinction between cases in which adequacy of compensation is the only issue on appeal and cases in which other serious issues such as right to condemn are raised.

Prior North Carolina cases are not particularly helpful in this case. In *Topping v. Board of Education,* 249 N.C. 291, 106 S.E. 2d 502, one superior court judge had restrained construction of a high school building on a three-acre site, while the remaining twelve acres were still in process of acquisition, since the adequacy of the site is one of the considerations of the State Board of Education in appropriating construction funds. A second superior court judge ruled that payment of the money for the twelve acres into court under G.S. 40-19, and subsequent possession, was substantial compliance with the requirement of the first judge that title to all fifteen acres be obtained before beginning construction. The Supreme Court held that this was not substantial compliance, saying: "Temporary possession, *pendente lite,* subject to removal by final adverse judgment, is quite different from a final judicial determination that the condemnor is entitled as a matter of right to permanent possession. The title of the landowner is not divested unless and until the condemnor

obtains *a final judgment* in his favor *and* pays to the landowner *the amount of the damages fixed by such final judgment."*

A review of select cases from other jurisdictions which have faced a similar problem under a similar statute is helpful. In *Electric Power Board v. Thoni*, 184 Tenn. 459, 201 S.W. 2d 649, it was held that "where protection is fully provided against loss or damage, as may be finally awarded, condemnor is entitled to immediate entry, where neither a want of power to exercise the right nor immunity from appropriation of particular property is involved." In the present case, the right to exercise the power is challenged and there would not be full protection for the condemnees, since the cutting of the trees amounts to irreparable harm.

In *Chicago v. Cohn*, 326 Ill. 372, 158 N.E. 118, 55 A.L.R. 196, the court held that the possession allowed by a statute permitting one seeking to condemn property for public use to take possession after judgment in his favor upon deposit of the amount of the award notwithstanding appeal is permanent and not merely temporary. However, in that case, there was no question as to the right of the condemnor to take the property, the issue relating, instead, to damages. Other jurisdictions have held that there is no right of possession by the condemnor until damages and the right to take are settled, *Kessler v. Thompson*, 75 N.W. 2d 172; or that possession is only temporary even where the only issue is damage, *Schnull v. Indianapolis Union Ry.*, 190 Ind. 572, 131 N.E. 51, *Lake Erie & Western Ry. v. Kinsey*, 87 Ind. 514; or that it is discretionary with the court, *Utah Copper Co. v. Montana-Bingham Consol. Mining Co.*, 69 Utah 423, 255 P. 672.

In *Town of Ames v. Wybrandt*, 203 Okla. 307, 220 P. 2d 693, the court held that "establishment of the right to condemn is a prerequisite to any right of possession by the condemnor"; and the "condemnation statute permitting a corporation, upon payment of damages assessed, to enter upon the premises, applies where the right to condemn the premises is not in question, and the sole question is the measure of damages." See also 30 C.J.S., Eminent Domain, § 329; 29A C.J.S., Eminent Domain, § 221; 27 Am. Jur. 2d, Eminent Domain, § 469, and Nichols on Eminent Domain, §§ 26.131 and 24.5.

A considerable number of agencies and corporations are given the right of eminent domain by our statutes. It is noteworthy that the General Assembly has enacted additional legislation pertaining to two of these agencies or corporations, namely, the State Highway Commission and duly constituted redevelopment commissions.

By what is now codified as Art. 9 of c. 136 of the General Stat-

utes, the General Assembly rewrote the law regulating the procedure which the Highway Commission should use in condemning property subsequent to 1 July 1960. See *Highway Commission v. Industrial Center*, 263 N.C. 230, 139 S.E. 2d 253. The 1965 General Assembly rewrote G.S. 160-465 relating to eminent domain procedure for redevelopment commissions. We are not called upon here to construe those statutes but merely refer to them to indicate that the General Assembly, with respect to the vesting of title in and unfettered possession of property, has attempted to place the State Highway Commission and redevelopment commissions in a different category from other agencies and corporations having the right of eminent domain.

[2]    The exercise of the power of eminent domain is in derogation of common right, and all laws conferring such power must be strictly construed. *Redevelopment Commission v. Abeyounis*, 1 N.C.App. 270, 161 S.E. 2d 191; *Redevelopment Commission v. Hagins*, 258 N.C. 220, 128 S.E. 2d 391; *R. R. v. R. R.*, 106 N.C. 16, 10 S.E. 1041.

[1]    We hold that in the instant case plaintiff "may enter, take possession of, and hold" the subject property pending final adjudication; however, since respondents challenge petitioner's right to condemn and the cutting or trimming of trees on the subject property would cause irreparable damage to respondents should they ultimately prevail, the Superior Court was fully empowered to grant the restraining orders appealed from.

No error.

BROCK and PARKER, JJ., concur.