CAROLINA POWER & LIGHT COMPANY v. JOHN W. MERRITT AND WIFE, EDITH R. MERRITT; WILLIAM D. MERRITT, JR.; JOHN W. MERRITT AND WILLIAM D. MERRITT, JR., EXECUTORS OF THE ESTATE OF WILLIAM D. MERRITT, SR., DECEASED

No. 789SC751

(Filed 5 June 1979)

1. **Eminent Domain § 12 — abandonment of earlier proceeding — no extinguishing of right**

   A final judgment entered in an earlier condemnation proceeding against respondents was not *res judicata* in the present proceeding since the "Final Judgment" of the earlier action was in fact a voluntary dismissal and since abandonment of the proceeding in which no interest was taken did not extinguish petitioner's right of eminent domain.

2. **Eminent Domain § 7.1— obtaining permit—no prerequisite to condemnation proceeding**

   A permit from the U.S. Army Corps of Engineers which is now required but was not required at the time this eminent domain action was instituted could not have been a prerequisite to the filing of this action.

3. **Courts § 6.3— appeal from clerk—findings of fact in clerk's judgment**

   The trial court, upon appeal from the clerk, did not err in failing to hear evidence or to order a statement of the case prepared by the clerk, since the judgment of the clerk set out her findings of fact and a more formal statement of the case could not have aided the judge in his determination.

4. **Eminent Domain § 15— compensation paid into court—possession by condemnor pending appeal**

   The trial court in an eminent domain proceeding did not err in refusing to stay petitioner's entry upon the land pending appeal, since petitioner had deposited with the clerk the full amount of compensation awarded by the commissioners, and respondents were thereby protected from damage. G.S. 40-19.

APPEAL by respondents from *Hobgood, Judge*. Order entered 21 April 1978 in Superior Court, PERSON County. Heard in the Court of Appeals 2 May 1979.

Petitioner seeks to acquire by condemnation respondents' land, for the purpose of constructing a steam electric generating plant. The defenses raised by respondents include a final judgment entered in 1962 which respondents allege is *res judicata*, and the alleged failure of petitioner to acquire from the United States Government the required consent to this construction project.

The proceeding was heard on the pleadings by the Clerk of Superior Court, and by the Clerk's order of 14 October 1977, the proceeding was dismissed. Petitioner appealed from this order to Superior Court. Judge Walker found that the clerk's findings of fact did not support her conclusions of law, set aside the clerk's order, and remanded the proceeding to the clerk for the appointment of commissioners. The commissioners to appraise the tracts of land were appointed on 12 December 1977.

On 15 December 1977, respondents, alleging newly discovered evidence that petitioner must acquire a U.S. Army Corps of Engineers permit before beginning the project, moved to have any action of the commissioners deferred, and to have the proceeding dismissed. At a hearing before the clerk on 28

December, petitioner stipulated that it must have a Corps of Engineers permit before it could dredge and fill Mayo Creek in connection with the project, and that application for this permit had been made in March 1977 but had not yet been granted. The clerk entered judgment on 30 December 1977 dismissing the proceeding.

Petitioner appealed from this judgment to Superior Court, and a hearing was held on 27 February 1978. At the hearing, an employee of the Corps of Engineers testified that petitioner could not proceed with its construction project without a permit from the Corps of Engineers. Judge Hobgood concluded that the necessity for this permit did not prevent petitioner from acquiring respondents' land in a condemnation special proceeding under North Carolina law, and he set aside the clerk's order dismissing the proceeding. He did not remand, but retained jurisdiction in the Superior Court, and ordered the commissioners to proceed with their appraisal.

On 29 March 1978 the commissioners filed their report, assessing damages at $1,105,166. Petitioner's objection to this report was overruled, and on 21 April 1978 the report was confirmed by Judge Hobgood. Petitioner gave notice of appeal from this confirmation, and Judge Hobgood ordered petitioner to deposit the full amount of the award in the clerk's office pending determination of the appeal, and allowed petitioner to enter upon and possess the land while the appeal was pending. Respondents appeal.

*Andrew McDaniel, and Ramsey, Hubbard and Galloway, by James E. Ramsey, for petitioner appellee.*

*Bryant, Bryant, Drew & Crill, by Victor S. Bryant, Jr., for respondent appellants.*

ARNOLD, Judge.

[1] In February 1962 the petitioner brought condemnation proceedings against these respondents, seeking to acquire for the purpose of constructing a steam electric generating plant 447.17 acres of the 558.273 acres it wishes to condemn in the present proceeding. Respondents' demurrer and their motion to dismiss

were overruled. Stipulations were filed by the parties in May, and on 4 December 1962 a "Final Judgment" was entered, as follows:

THIS CAUSE coming on to be heard and it appearing that the plaintiff, Carolina Power & Light Company, does not need any portion of the defendants' property described and for the purposes stated in the petition filed in this cause and has abandoned all plans for acquiring any portion of said property for such purposes, and it further appearing that a final judgment should now be entered setting forth such abandonment and dismissing the action.

NOW, THEREFORE, IT IS HEREBY ORDERED, CONSIDERED, AD-JUDGED AND DECREED:

1. That the plaintiff has abandoned all plans for acquiring the defendants' property or any portion thereof as described and for the purposes stated in the petition filed in this case.

2. That the plaintiff has no right, title or interest in and to any portion of said property.

3. This action is hereby dismissed and the costs of the same are taxed against the plaintiff.

Respondents argue that this 1962 judgment is *res judicata* in the present action.

"Basic to the doctrine of res judicata is the premise that a plea of res judicata must be founded on an adjudication—a judgment on the merits." *Taylor v. Electric Membership Corp.*, 17 N.C. App. 143, 145, 193 S.E. 2d 402, 403 (1972). The 1962 judgment upon which respondents rely, though labelled "Final Judgment," shows upon its face that it is in fact a voluntary dismissal of petitioner's action. The only facts that conceivably were decided were that petitioner had at that time abandoned its plans to acquire respondents' property, and that it had acquired no interest in that property by its action.

Because the petitioner once abandoned a condemnation action involving the same parties, lands and purposes, respondents would have us find that petitioner cannot bring the present action. Our Supreme Court held, however, that the right of eminent domain "is not necessarily exhausted by a single exercise of the

power," *Power Co. v. Wissler*, 160 N.C. 269, 273, 76 S.E. 267, 269 (1912), in a case where an interest in the property actually was taken in the first condemnation proceeding. Where, as here, the first proceeding has been abandoned and no interest has been taken, certainly the right of eminent domain is not extinguished.

[2] Respondents next argue that petitioner was not entitled to bring this action because it failed to acquire, prior to the institution of the action, a permit from the U.S. Army Corps of Engineers to allow petitioner to excavate and fill on Mayo Creek. However, according to the uncontradicted testimony of George Frank Yelverton of the Corps of Engineers, on the date of the institution of this action, 15 June 1977, no such permit was required. Jurisdiction over waters such as Mayo Creek was not given to the Corps of Engineers until 1 July 1977. A permit which is now required but was not required at the time this action was instituted could not have been a prerequisite to the filing of this action. Respondents' argument fails.

[3] Petitioner's appeal from the first order of the Clerk of Superior Court was heard by Judge Walker. His order of 22 November 1977 states in part "[t]hat even though the Clerk of Superior Court of Person County has not prepared a statement of the case in this proceeding as a result of a hearing before her . . . , the Court is of the opinion that the Finding of Facts as stated in [her] Judgment are sufficient for consideration of this Matter by this Court." He concluded that one of the clerk's findings of fact was incorrect and the others did not support her conclusions of law, and set aside her judgment dismissing the proceeding. Respondents assign error to the trial court's failure to hear evidence or order a statement of the case prepared by the clerk.

G.S. 1-274 requires the clerk "to prepare and sign a statement of the case, of his decision and of the appeal" for the use of the judge. It has been held that this statement "should embrace the material facts [and] copies of necessary paper writings . . . to the end the Judge may review the decision of the Clerk appealed from upon its full merits." *Brooks v. Austin*, 94 N.C. 222, 224 (1885). Here, the judgment of the clerk, which was before Judge Walker, sets out her findings of fact, and respondents have made no objections to these findings. The judge changed only one

of the findings, and this because both parties stated to the court that the evidence underlying it, an answer to interrogatories, had been error. Otherwise, the court's decision to set aside the clerk's judgment was based upon his determination that the findings of fact failed to support the clerk's conclusions of law. We fail to see how any more formal statement of the case could have aided him in this determination, and we note that the Court in *Brooks v. Austin, supra*, required only that the clerk's statement "embrace the material *facts*," not necessarily the evidence. In the absence of a showing that any material facts were excluded from the judge's consideration, we find no prejudicial error.

[4] Finally, respondents argue that the trial court erred in refusing to stay petitioner's entry upon the land pending this appeal. G.S. 40-19 states in pertinent part that "[i]f the [petitioner], at the time of the appraisal, shall pay into court the sum appraised by the commissioners, then . . . the [petitioner] may enter, take possession of, and hold said lands, notwithstanding the pendency of the appeal." On 21 April 1978 Judge Hobgood ordered petitioner to deposit with the Clerk of Court the full amount awarded by the Commissioners, and respondents do not argue that petitioner has failed to do this. Instead, they rely on *Airport Authority v. Irvin*, 2 N.C. App. 341, 163 S.E. 2d 118 (1968), arguing that where the right to condemn is in issue, the respondents must be protected against the possibility of irreparable damage.

The petitioner in Airport Authority sought an air rights easement which would allow it to cut trees on respondents' property. While appeal of the commissioners' damage award was pending before the Superior Court, respondents obtained a temporary restraining order to prevent petitioner's interference with the trees on the land. Petitioner appealed from the denial of its request that the temporary restraining order be dissolved, and this Court held that, while petitioner was entitled to enter and possess the property pending final adjudication, "since respondents challenge petitioner's right to condemn and the cutting or trimming of trees on the subject property would cause irreparable damage to respondents should they ultimately prevail, the Superior Court was fully empowered to grant the restraining orders." *Id.* at 345, 163 S.E. 2d at 121.

The fact that we held in *Airport Authority* that the Superior Court was *empowered* to grant a restraining order does not lead

inescapably to the conclusion that it was *required* to do so. "It ordinarily lies in the sound discretion of the [trial] court to determine whether or not a temporary injunction will be granted. . . ." *Conference v. Creech*, 256 N.C. 128, 139-40, 123 S.E. 2d 619, 626 (1962). On appeal, we are not bound by the findings of the trial court as to the injunction, but there is a presumption that the judgment entered by the trial court is correct. *Id.*

Having reviewed the evidence in this case, we find no error in the court's refusal to grant a temporary restraining order. G.S. 40-2(3) gives petitioner the right of eminent domain, and G.S. 40-19 affords the property owner protection by allowing the court to award damages to be paid from the deposit made by petitioner in the event condemnation is ultimately defeated. In the case at bar, however, we find that respondents do not have sufficient grounds to defeat the condemnation.

The order of the trial court is

Affirmed.

Judges MARTIN (Robert M.) and ERWIN concur.